**Kenneth Leron SATTERWHITE, Petitioner–Appellant,**

v.

**James A. LYNAUGH, Director Texas Department of Corrections, Respondent–Appellee.**

No. 88–1404
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 11, 1989.

Kenneth Leron Satterwhite, Huntsville, Tex., pro se.

David B. Fannin, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for respondent-appellee.

Before REAVLEY, KING, and JOHNSON, Circuit Judges.

PER CURIAM:

Plaintiff/appellant Kenneth Satterwhite appeals the district court's denial of habeas corpus relief. Concluding that Satterwhite has not exhausted his state remedies, we vacate and remand to the district court with instructions to dismiss without prejudice.

## I. FACTS AND PROCEDURAL HISTORY

Appellant Kenneth Satterwhite (hereafter Satterwhite) was convicted by a jury for aggravated kidnapping and sentenced to life imprisonment.[1] On direct appeal to the Texas Court of Appeals, Satterwhite's counsel submitted a brief that addressed six assignments of error. Satterwhite, apparently dissatisfied with the scope of the brief filed by his appellate counsel, filed his own *pro se* brief urging three additional assignments of error, including the contention that the state trial court erred by permitting the jury bailiff to testify during the punishment phase of trial. The Texas Court of Appeals determined that the six points of error urged by Satterwhite's counsel were meritless. Concluding that Satterwhite was not entitled to hybrid rep-

---

**1.** The facts relating to the offense may be found in *Satterwhite v. State,* 697 S.W.2d 503 at 504. (Tex.App.—Eastland 1985, writ ref'd).

resentation, the Texas Court of Appeals did not rule on the issues raised by Satterwhite's *pro se* brief and affirmed Satterwhite's conviction. *Satterwhite v. State*, 697 S.W.2d 503 (Tex.App.—Eastland 1985, writ ref'd).

Thereafter, Satterwhite filed his first *pro se* petition for discretionary review (hereafter PDR) in the Texas Court of Criminal Appeals. In his PDR, Satterwhite urged the same three issues which he had raised in his *pro se* brief in the Texas Court of Appeals, including the jury-bailiff issue. Before the Texas Court of Criminal Appeals had ruled on Satterwhite's first PDR, Satterwhite filed a second PDR in the Texas Court of Criminal Appeals urging additional grounds of error. Without written order, the Texas Court of Criminal Appeals declined to review Satterwhite's petitions.

Next, Satterwhite filed a petition for writ of habeas corpus in the United States District Court for the Northern District of Texas. While his federal petition for writ of habeas corpus was pending, Satterwhite filed a state petition for writ of habeas corpus. The Texas Court of Criminal Appeals denied state habeas corpus relief. Thereafter, upon recommendation of the magistrate, the federal district court denied federal habeas corpus relief on the merits.

Satterwhite then moved the federal district court for a certificate of probable cause and leave to proceed in forma pauperis. The federal district court denied CPC but granted Satterwhite leave to proceed IFP. On appeal, this Court granted Satterwhite's motion for CPC and requested the parties to brief the issue of whether Satterwhite had exhausted his state remedies. Thus, the issue with which we are now faced is whether Satterwhite has exhausted his state remedies.

## II. DISCUSSION

■ A state prisoner must exhaust all available state court remedies before he can obtain federal habeas corpus relief, unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b) & (c). By giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, the exhaustion rule " 'serves to minimize friction between our federal and state systems of justice.' " *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982) (quoting *Duckworth v. Serrano*, 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981)). In order to exhaust, a petitioner must "fairly present" all of his claims to the state court. *Picard v. Connor*, 404 U.S. 270, 275–76, 92 S.Ct. 509, 512–13, 30 L.Ed.2d 438 (1981).

■ In light of the foregoing authority, we are faced in the instant case with making the determination of whether Satterwhite "fairly present[ed]" all of his claims to the state court. *Id.* In the recently decided case of *Castille v. Peoples*, —— U.S. ——, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989), the Supreme Court addressed what constitutes a "fair presentation" of claims for exhaustion purposes. On facts similar to those of the instant case, the Supreme Court held that the presentation of claims on discretionary review to the state's highest court does not constitute "fair presentation" for exhaustion purposes. *Id.* 109 S.Ct. at 1059. Accordingly, the State's contention in the instant case that Satterwhite did not exhaust his state remedies by filing a PDR with the Texas Court of Criminal Appeals is correct.

■ The more crucial issue in this case, however, is whether Satterwhite "fairly presented" his claim regarding the jury-bailiff issue to the Texas Court of Appeals.[2] Satterwhite argues that he "fairly presented" his claim to the Texas Court of Appeals because it was addressed in his *pro se* brief. In further support of that argument, Satterwhite contends that because the Texas Court of Appeals stated that it had "examined" Satterwhite's *pro se* brief, the claims contained therein were

---

**2.** Discretionary review in the Texas Court of Criminal Appeals is limited to those issues properly presented to the court of appeals. *See*

*Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985); *Ayala v. State*, 633 S.W.2d 526 (Tex.Crim. App.1982).

"fairly presented." *Houston v. Estelle,* 569 F.2d 372 (5th Cir.1978). We are constrained to disagree. The Texas Court of Appeals, relying on *Rudd v. State,* 616 S.W.2d 623 at 625 (Tex.Crim.App.1981) for the proposition that Satterwhite was not entitled to hybrid representation, merely reviewed Satterwhite's *pro se* brief only for "error that should be considered in the interest of justice." *Satterwhite,* 697 S.W.2d at 507.[3] Such review by the Texas Court of Appeals is considerably more restrictive than the plenary review available upon direct appeal; indeed, it is comparable to the allocatur which *Castille v. Peoples* held to be insufficient for exhaustion purposes. *Castille v. Peoples,* 109 S.Ct. at 1060.

## III.  CONCLUSION

For the foregoing reasons, we conclude that Satterwhite has not exhausted his state remedies for purposes of federal habeas corpus relief. Accordingly, we vacate the federal district court's dismissal on the merits and remand to the district court for dismissal without prejudice.

VACATED AND REMANDED.

---

**3.**  In *Rudd v. State,* the Texas Court of Criminal Appeals, reemphasizing that there is no right to hybrid representation in Texas, concluded that *pro se* briefs filed in addition to briefs filed by counsel in the same cause "present[ed] nothing for review." *Rudd v. State,* 616 S.W.2d at 625.