Ivey V. MYERS, Petitioner–Appellant,

v.

James A. COLLINS, Director, Texas Department of Criminal Justice, Institutional Division, Respondent–Appellee.

No. 90–2114

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 28, 1990.

Ivey V. Myers, Huntsville, Tex., pro se.

David Fannin, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for respondent-appellee.

Before JOLLY, HIGGINBOTHAM, and EDITH H. JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

This case requires us to address a subtle issue concerning the exhaustion of state remedies in federal habeas corpus procedure. The doctrinal requirement of exhaustion alleviates the strain on federal-state comity inherent in the federal habeas corpus remedy by assuring that a prisoner must first present his claims to a state's

highest court before turning to the federal courts for relief. Finding that Myers "fairly presented" the substance of certain of his ineffectiveness of counsel claims to the state courts on direct appeal, we conclude that the exhaustion requirement was satisfied and therefore vacate the district court's judgment. *See Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

## I.

Following a jury trial in Texas state court, petitioner, Ivey Myers was convicted of aggravated robbery and sentenced to 25 years imprisonment. Myers appealed his conviction to the Fourteenth Court of Appeals, alleging ineffective assistance of counsel.[1] The court of appeals rejected Myers's claim on the merits and he filed a petition for review in the Texas Court of Criminal Appeals, the state's highest criminal court. Pursuant to Texas law, which provides that review of a decision of a court of appeals "is not a matter of right, but of sound judicial discretion," the Court of Criminal Appeals refused Myers's petition without opinion. Tex.R.App.P. 200(b).

Myers filed the instant petition for federal habeas relief in the United States District Court for the Southern District of Texas, alleging, *inter alia*,[2] the same grounds for relief as those identified in his briefs to the Texas appellate courts. After reviewing the procedural history of the claims, the district court dismissed Myers's petition for failure to exhaust state remedies pursuant to 28 U.S.C. § 2254. The court held that Myers's presentation of claims to the Texas Court of Criminal Appeals for discretionary review, following direct appeal, did not constitute "fair presentation" for exhaustion purposes. Apparently believing its result dictated by the Supreme Court's decision in *Castille v.*

*Peoples,* 489 U.S. 346, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989), the court concluded that Myers could not pursue these grounds for ineffectiveness of counsel in a federal habeas proceeding until he had first presented them in a state habeas proceeding.

## II.

*Castille v. Peoples* held that raising a claim *for the first and only time* in a petition for discretionary review does not satisfy the exhaustion requirements of 28 U.S.C. § 2254. 109 S.Ct. at 1059. The Court did not, however, intimate that a petitioner whose appeal is discretionarily denied *after an appeal of right to an intermediate state court* must proceed through the same courts on habeas in order to exhaust state remedies. Indeed, in *Brown v. Allen,* from which *Castille* draws support, the Supreme Court held that once the state courts have ruled upon a claim, it is not necessary for a petitioner "to ask the state for collateral relief, based upon the same evidence and issues already decided by direct review." *Castille,* 109 S.Ct. at 1059; *Brown,* 344 U.S. 443, 447, 73 S.Ct. 397, 402, 97 L.Ed. 469 (1953).

In filing his petition for discretionary review, Myers, unlike the defendant in *Castille,* was not broaching his claim of ineffective assistance of counsel for the first time. Myers had already raised the claim before the Fourteenth Court of Appeals and the court had decided the issue adversely to him. Neither the state of Texas nor the district court suggests that Texas criminal procedure barred Myers from raising an ineffective assistance claim on direct review or that the Texas courts would not consider such a claim on direct review.[3] *Cf. Turner v. Compoy,* 827 F.2d

---

1. Myers also alleged error, in the district court's judgment, which the court of appeals corrected by modification.

2. Myers also sought federal habeas review of different ineffective assistance of counsel claims and several other claims that he had raised in a state habeas corpus proceeding. Those claims are unrelated to those Myers raised in the Texas

appellate courts, and there is no dispute that state remedies with respect to those claims were exhausted.

3. Texas courts have often held that ineffective assistance of counsel claims should be raised in a post-conviction writ of habeas corpus where the record at trial is inadequate to permit review on direct appeal. *See Hernandez v. State,*

526, 529 (9th Cir.1987), *cert. denied,* 489 U.S. 1059, 109 S.Ct. 1327, 103 L.Ed.2d 595 (1989) (noting a California state court preference to review ineffectiveness claims in a collateral proceeding unless the record on direct appeal is sufficient).[4] Thus, we must assume that he pursued that claim to the state's highest court in a procedurally correct fashion. The State argues, however, that Myers's pursuit of relief on direct appeal, even if procedurally proper, is insufficient to exhaust state remedies. According to the State, Myers must also seek state habeas relief prior to raising his claims in federal court. We disagree.

■ In *Richardson v. Procunier,* 762 F.2d 429 (5th Cir.1985), our Court intimated that a Texas prisoner satisfies the exhaustion requirement and may properly seek federal habeas relief if he raised his claim with the Texas Court of Criminal Appeals *either* in a petition for discretionary review *or* in an application for writ of habeas corpus. *Id.* at 431–32. At no time have we suggested that both avenues of relief must be pursued in order to satisfy the exhaustion requirement. *See generally* C. Wright, A. Miller, & E. Cooper, 17A Federal Practice & Procedure § 4264.1 at 339–343 (1988).

Attempting as we see it to broaden the impact of *Castille,* the State suggests that our decision in *Richardson* is no longer good law. We do not agree. Since *Castille,* federal courts have continued to hold that a prisoner need exhaust only one avenue of post-conviction relief in state court before filing a federal habeas petition. In *Riddick v. Edmiston,* 894 F.2d 586 (3d Cir.1990), for instance, the defendant appealed his state court conviction to the Superior Court of New Jersey, Appellate Division. The appellate division affirmed the trial court *per curiam.* Riddick then peti-

tioned the Supreme Court of New Jersey for discretionary review. The court denied certification and Riddick sought a writ of habeas corpus in federal court. *Riddick,* 894 F.2d at 588. The Third Circuit held that state remedies had been adequately exhausted. *Id.* at 588–89. Distinguishing *Castille,* the court observed:

> All of the issues [Riddick] raised in the district court had been raised before the Appellate Division of the Superior Court of New Jersey as well as in a petition for certification to the Supreme Court of New Jersey. *This is not a case in which the claims were raised for the first time in a petition for discretionary review.*

*Id.* at 589 (emphasis added). *See also Monachelli v. Warden, SCI Graterford,* 884 F.2d 749, 751 n. 3 (3d Cir.1989) (holding that the exhaustion requirement is satisfied where the grounds asserted in a petition for discretionary review to a state's highest court were raised before and addressed by an intermediate appellate court on non-discretionary review).

The State also cites, as authority for its position, our recent decision in *Satterwhite v. Lynaugh,* 886 F.2d 90 (5th Cir.1989). But that case is factually distinguishable from the one here. Petitioner Satterwhite attacked his state court conviction by filing a *pro se* brief in the Texas Court of Appeals after his attorney had already filed a brief on his behalf. Under Texas law, Satterwhite was not entitled to have both briefs considered in the intermediate appellate court; only the claims raised in his attorney's brief were properly before the court for consideration. *See Rudd v. State,* 616 S.W.2d 623, 625 (Tex.Crim.App. 1981). Relying on this rule of Texas procedure prohibiting hybrid representation, our Court held that the claims in Satterwhite's *pro se* brief were not fairly presented to

---

726 S.W.2d 53, 57 (Tex.Crim.App.1986); *Moore v. State,* 700 S.W.2d 193, 204–05 (Tex.Crim.App. 1985). In this case, however, the particular ineffectiveness of counsel claims derived from counsel's actions at trial, on the record, and were thus adequately developed to perfect a direct appeal. Accordingly, Myers was not required, as a matter of Texas appellate procedure, to raise those claims in a state habeas

proceeding. *See Ex parte Duffy,* 607 S.W.2d 507, 512–13 (Tex.Crim.App.1980) (en banc).

**4.** In a footnote to its brief, the State acknowledges that if a claim is procedurally barred under Texas law, such that raising the claim in the State's collateral review proceeding would be futile, the claim is exhausted for purposes of federal habeas corpus review.

the state courts. 886 F.2d at 92–93. It stands to reason that because Satterwhite failed to raise the claims in his *pro se* brief in a procedurally cognizable fashion, *Castille* would mandate that the presentation of those issues in a petition for discretionary review to the Court of Criminal Appeals would constitute "new claims" and, therefore, the presentation would not comport with the exhaustion requirement of § 2254. *Satterwhite* so held. 886 F.2d at 93.

■ If Myers had raised his ineffective assistance of counsel claims in the Texas Court of Criminal Appeals without first obtaining review by an intermediate appellate court, we would agree with the State that the exhaustion requirement had not been satisfied. As we have already said, though, Myers presented his ineffective assistance claim as of right and obtained a ruling on the merits in the Fourteenth Court of Appeals. Thus, he was not presenting a "new claim to a State's highest court on discretionary review," but rather one that the State had actually passed upon. In this context, it is fair to assume that further state proceedings concerning those alleged grounds for ineffectiveness of counsel would be useless. *See Castille*, 109 S.Ct. at 1060.

■ We do not read *Castille* to require futile repetitive efforts in the state courts in order to satisfy the exhaustion doctrine. Rather, it requires that the chosen avenue of post-conviction relief, whether direct or collateral, be pursued in such a manner so as not to present claims to a state's appellate courts for the first and only time in a petition for discretionary review. Myers undertook a procedurally proper avenue of review; he raised his ineffective assistance claims on direct appeal in the court of appeals and in his petition for discretionary review before the Court of Criminal Appeals. Myers properly exhausted his state remedies as to those grounds of ineffectiveness of counsel that were so raised.

### III.

The judgment of the district court is VACATED, and the case is REMANDED for further proceedings not inconsistent herewith.