**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-40229**
_____

**JAMES REXFORD POWELL,**

**Petitioner-Appellant,**

**versus**

**JANIE COCKRELL, Director, Texas Department**
**of Criminal Justice, Institutional Division,**

**Respondent-Appellee.**

_____

**Appeal from the United States District Court**
**for the Eastern District of Texas**
**(6:98-CV-296)**

_____

April 8, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Primarily at issue is whether federal habeas relief should be granted because, at the punishment phase of James Rexford Powell's Texas capital murder trial, evidence was admitted from his earlier trial in Louisiana (attempted-murder), at which he had been acquitted. Concerning his death sentence, Powell appeals the denial of 28 U.S.C. § 2254 habeas relief, claiming admission at the punishment phase of unreliable evidence concerning the prior Louisiana trial (acquitted conduct) deprived him of a fair trial and was insufficient to prove future dangerousness beyond a reasonable doubt. He also requests a certificate of appealability

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(COA) based on claimed ineffective assistance of counsel (IAC) during the punishment phase. **COA DENIED; AFFIRMED.**

I.

In 1991, Powell was convicted by a Texas state court jury of murdering a ten-year-old girl in the course of sexually assaulting her. *Powell v. State*, 898 S.W.2d 821, 824 (Tex. Crim. App. 1995). During the punishment phase, two witnesses testified that Powell's reputation as a peaceful and law-abiding citizen was bad.

In addition, others testified at that phase concerning the events underlying the Louisiana attempted-murder trial (Louisiana witnesses), at which Powell had been acquitted (Louisiana trial). Powell's trial counsel's objections, on the basis of double jeopardy, to the Louisiana witnesses' testimony were overruled. The victim for the Louisiana charge testified that Powell came to her house posing as a member of a logging crew, threatened her with a gun, choked her, hit her in the head with a shotgun, and shot her through the temple, causing the loss of one eye.

The jury answered affirmatively to the punishment issues. Powell was sentenced to death. *Id.* On direct appeal (represented by his appointed trial counsel), Powell claimed, *inter alia*, that the admission of evidence of the prior attempted-murder charge constituted double jeopardy. The conviction and sentence were affirmed. *See id.* at 829-31. The Supreme Court of the United States denied certiorari on 27 November 1995. *Powell v. Texas*, 516 U.S. 991 (1995).

Powell was represented by appointed counsel, David Bays, in seeking state post-conviction relief. His initial petition asserted, *inter alia*: that the trial court violated his due process rights by admitting evidence of the attempted-murder charge, without requiring the State to overcome the presumption of prejudice or without finding the presumption was overcome; and also arguably asserted that trial counsel was ineffective for failing to call alibi witnesses for the Texas murder charge. Powell filed a supplemental *pro se* petition, contending, *inter alia*: Bays, his habeas counsel, would not raise IAC claims against Powell's trial counsel; trial counsel was ineffective; and Bays provided IAC. Based on the trial court's 15 September 1997 findings of facts and conclusions of law, including its recommended denial of relief, the Texas Court of Criminal Appeals denied relief by an unpublished 4 January 1998 order. ***Ex Parte James Rexford Powell***, Nos. 35,341-01, 35,341-02.

With Bays as his attorney, Powell filed his federal habeas petition in May 1998; it was the same as the state petition. Upon Powell's request, the district court substituted Nicholas Trenticosta as Powell's court-appointed counsel; and Trenticosta filed three supplemental petitions, raising a number of claims.

In July 2000, summary judgment was granted against Powell's claims concerning the admission of the attempted-murder testimony and the failure to instruct the jury on Powell's parole eligibility on a life sentence. In January 2001, the district court dismissed Powell's remaining claims concerning: IAC; the State's failure to

3

disclose material, exculpatory evidence; and the reliability of DNA evidence introduced at trial.

The district court construed Powell's notice of appeal as a request for a COA and granted it with respect to one issue:

> Whether the State's introduction of testimonial evidence at the penalty phase of the [Texas capital murder] trial concerning an attempted murder charge [in Louisiana] of which petitioner had previously been acquitted violated his rights to a *fair and reliable* sentencing determination under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

(Emphasis added.)

## II.

Pursuant to that COA, Powell contends: the admission of "discredited and distorted" evidence from his Louisiana trial denied him a fair and reliable sentencing determination; and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), requires proof beyond a reasonable doubt of future dangerousness. He also requests this court grant a COA to consider his IAC claim for the punishment phase. Because Powell filed for federal habeas relief after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), 110 Stat. 1214 (1996), that Act applies. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

## A.

When a claim has been adjudicated on the merits in state court, habeas relief is unavailable unless the state court's adjudication resulted in a decision: that was either "contrary to, or involved an unreasonable application of, clearly established

4

Federal law, as determined by the Supreme Court", 28 U.S.C. § 2254(d)(1); or that was "based on an unreasonable determination of the facts in light of the evidence presented" in state court, 28 U.S.C. § 2254(d)(2).

A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by th[e Supreme] Court on a question of law or if the state court decides a case differently than th[e Supreme] Court has on a set of materially indistinguishable facts". *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court decision involves an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case". *Id.*

Concerning, among other § 2254(d) standards, the "unreasonable determination of the facts" prong, subpart (d)(1), the petitioner must provide by clear and convincing evidence that the state court's findings of fact are erroneous. 28 U.S.C. § 2254(e)(1).

A state prisoner must give state courts an opportunity to act on his claims before presenting them to a federal court; accordingly, Powell was required to exhaust his remedies in Texas state courts before any federal habeas relief can be granted. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). If no state remedies remain available to the petitioner, the exhaustion requirement is satisfied. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991).

5

In addition, habeas relief is not available to a state prisoner who has procedurally defaulted his claims by not properly providing the State with an opportunity to address them. *See O'Sullivan*, 526 U.S. at 848 & 854 (Stevens, J., dissenting). If Powell could have raised his claims in state court, failed to do so, and is now barred from doing so by a state procedural rule, he has procedurally defaulted on those claims. *Murray v. Carrier*, 477 U.S. 478, 489 (1986). To overcome the procedural bar, Powell either must demonstrate: both cause for his default and prejudice that would result from failing to address the claim; or that failure to consider the claim would result in a fundamental miscarriage of justice — in this instance, show that he is actually innocent of capital murder. *See Coleman*, 501 U.S. at 750.

The district court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed *de novo*. *Thompson v. Cain*, 161 F.3d 802, 805 (5th Cir. 1998). The issue presented by the COA granted by the district court results from the summary judgment awarded the State; for it, we review whether the record discloses any genuine issues of material fact which would preclude ruling in the State's favor. *See, e.g., Meanes v. Johnson*, 138 F.3d 1007, 1010 (5th Cir. 1998); *Turner v. Houma Mun. Fire & Police Civ. Serv. Bd.*, 229 F.3d 478, 482 (5th Cir. 2000).

As previously noted in part, Powell contends: the admission of "discredited and distorted" evidence at sentencing deprived him of a "reliable and fair sentencing procedure", in violation of his Eighth and Fourteenth Amendment rights; and under *Apprendi*,

6

reliance on acquitted conduct (concerning the Louisiana attempted-murder trial) was insufficient to prove future dangerousness beyond a reasonable doubt.

1.

In his state proceedings, Powell raised the issue of the admissibility of the acquitted conduct(asserting double jeopardy and contending the court should have required the State to overcome a presumption of prejudice); he also did so in district court (asserting double jeopardy, collateral estoppel, and due process violations).  Here, for the first time, however, he asserts that the evidence was unreliable.

a.

The district court held Powell waived the admissibility claim by failing to brief it; but, nevertheless, ruled on the merits that the claim would not have succeeded.  In fact, Powell admits in his brief here:  "State courts did not address the constitutional implications of using unreliable evidence".  Because Powell did not present this issue to Texas state courts, he failed to exhaust it. *See O'Sullivan*, 526 U.S. at 842.  Further, Powell has waived it by raising it for the first time in this appeal.  *E.g., Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997).

b.

Additionally, Powell failed at trial to object to the evidence on the basis that it was unreliable; therefore, the claim is waived absent his showing it comes within an exception to the procedural default rule.  *See Jackson v. Johnson*, 194 F.3d 641, 652 (5th Cir.

7

1999) (Texas' contemporaneous objection rule an adequate and independent ground to procedurally bar federal habeas review). Powell has not attempted to do so.

c.

In addition, Powell's claim fails on the merits. Under Texas law, the truthfulness of testimony is a jury issue; therefore, the purported reliability determination was not a part of the court's admissibility decision. *See Colella v. State*, 915 S.W.2d 834, 843-44 (Tex. Crim. App. 1995). Further, on direct appeal, the Texas Court of Criminal Appeals held extraneous offenses are relevant to show future dangerousness and do not have to be proven beyond a reasonable doubt. *Powell*, 898 S.W.2d at 830.

"[A]n acquittal in a criminal case does not preclude the Government from relitigating an issue when it is presented in a subsequent action governed by a lower standard of proof". *Dowling v. United States*, 493 U.S. 342, 349 (1990). We have previously held that testimony by the victim of an alleged, but unadjudicated, sexual assault is relevant to prove future dangerousness, even though the defendant was acquitted of a felon-in-possession charge in connection with the assault. *Vega v. Johnson*, 149 F.3d 354, 359 (5th Cir. 1998).

The Louisiana jury determined Powell was not guilty, beyond a reasonable doubt, of attempted-murder; it did not address whether he was a future danger to society. Consequently, the testimony at issue, including the victim for the Louisiana charge identifying Powell as her assailant, was relevant and properly admitted.

8

Powell has failed to show the state court decision was either contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.  28 U.S.C. § 2254(d)(1).  Nor has he shown that the state court decision involved an unreasonable determination of the facts in the light of the evidence presented. 28 U.S.C. § 2254(d)(2).

2.

Citing *Apprendi,* 530 U.S. 466, and raising the issue for the first time on appeal (while assuming it is pursuant to the COA granted by the district court), Powell admits state courts never addressed whether the evidence at issue is sufficient to support the future dangerousness finding.

a.

This claim is unexhausted, because it was never presented to a state court; and, in addition, it has been waived by failing to present it to the district court.  *See* *Lackey*, 116 F.3d at 152. Moreover, it is procedurally barred because, if Powell presented the claim now, the Texas Court of Criminal Appeals would dismiss his successive petition as an abuse of the writ.  *See* *Emery v. Johnson*, 139 F.3d 191, 195-96 (5th Cir. 1998); *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995); *Ex Parte Barber*, 879 S.W.2d 889, 891 n.1 (Tex. Crim. App. 1994) (en banc) (plurality opinion).

b.

Even if Powell raised this claim under the correct standard, *Jackson v. Virginia*, 443 U.S. 307 (1979), any error is waived in

9

Powell's habeas proceedings because he failed *on direct appeal* to challenge sufficiency of the evidence. *See **United States v. Frady***, 456 U.S. 152, 165, 167-68 (1982); ***Martinez v. Johnson***, 255 F.3d 229, 242 (5th Cir. 2001); ***Finley v. Johnson***, 243 F.3d 215, 219 (5th Cir. 2001).

Further, even if the testimony concerning the prior acquitted conduct had been excluded, the evidence regarding the Texas murder at issue was sufficient to support the jury's future dangerousness finding. *See **Kunkle v. State***, 771 S.W.2d 435, 449 (Tex. Crim. App. 1986) (en banc). Consequently, a claim based on ***Jackson*** would fail.

### c.

***Apprendi*** is not retroactively applicable to cases on collateral review. ***In re Tatum***, 233 F.3d 857, 859 (5th Cir. 2000); see *also **United States v. Sanders,*** 247 F.3d 139 (4th Cir. 2001).

In addition, Powell's ***Apprendi*** claim also fails because it is barred by ***Teague v. Lane***, 489 U.S. 288, 303, 310, 316 (1989). This claim does not fall within one of the exceptions to the ***Teague***-bar.

Finally, Powell's sentence was, obviously, not enhanced beyond the statutory maximum penalty for capital murder, *see* TEX. PENAL CODE ANN. §§ 12.31(a) & 19.03(b) (Vernon 1994); the factual question of future dangerousness was submitted to a jury; and future dangerousness does not have to be proved beyond a reasonable doubt, *see* TEX. PENAL CODE ANN. §§ 19.02(a)(1) & 19.03(a).

Therefore, any ***Apprendi*** claim, if applicable, would fail.

Powell requests a COA on whether trial counsel was ineffective for failing "to mount a defense against" the acquitted conduct at the punishment phase. To obtain a COA, Powell must make "a substantial showing of the denial of a constitutional right", 28 U.S.C. § 2253(c)(2), by demonstrating that reasonable jurists could agree that the petition should have been resolved in a different manner. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). No authority need be cited for the rule that, whether a COA should issue is viewed against the backdrop of the deferential scheme established by § 2254, discussed in part II.A.

In order to be granted a COA for claims denied on the merits, Powell must show "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong". *Id.* (COA-merits-standard). For claims resolved procedurally, Powell must make the same showing about the district court's assessment *and must also* show reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. See *id.* (COA-procedural-standard).

In his state post-conviction proceedings, Powell's IAC claim, arguably presented in the petition filed by his counsel, concerned a claimed failure to locate alibi witnesses regarding the Texas murder. Powell's *pro se* petition alleged IAC for failure: to locate alibi witnesses for the Texas murder; to investigate; to hire a DNA expert; to strike certain jurors; and to adequately cross-examine the State's experts.

1.

Texas does not allow "hybrid representation".  ***Satterwhite v. Lynaugh***, 886 F.2d 90, 93 (5th Cir. 1989).  Therefore, because only claims raised in the petition filed by his attorney were properly before Texas state courts, *see **Rudd v. State***, 616 S.W.2d 623, 625 (Tex. Crim. App. 1981), Powell's *pro se* claims were not fairly presented to state courts and are therefore unexhausted and procedurally barred.  ***Satterwhite***, 886 F.2d at 92-93.

Powell has not shown the district court's procedural ruling on these claims was even debatably wrong, *see **Slack***, 529 U.S. at 484, and has never attempted (in district court or here) to make the showing required to overcome the procedural bars to his claims.  He does not satisfy the COA-procedural-standard.

2.

a.

With respect to his above-referenced exhausted claim concerning Texas alibi witnesses, Powell has waived that claim by failing to brief it on appeal.  His failure to defend claim is unexhausted:  Powell never raised this specific claim in state court and would be procedurally barred by Texas' abuse-of-writ statute as a successive writ.  TEX. CODE CRIM. PROC. art. 11.071 § 5(a).  Powell has similarly failed to make any argument concerning the district court's procedural ruling, as required by ***Slack***, 529 U.S. at 484.  Again, he does not satisfy the COA-procedural-standard.

12

b.

As noted, in ruling on whether to grant a COA, we do so against the backdrop of the deferential scheme established by § 2254. Even if Powell could overcome the procedural bars, he cannot make the necessary showings to satisfy the COA-merits-standard concerning deficient performance and prejudice required by **Strickland v. Washington**, 466 U.S. 668, 687 (1984), to succeed on a IAC claim. Restated, he must satisfy the COA-merits-standard concerning: whether his trial "counsel's representation fell below an objective standard of reasonableness", allowing for the strong presumption that counsel's conduct "falls within the wide range of reasonable professional assistance", *id.* at 689-90; and, for prejudice (an error rendering his trial fundamentally unfair or unreliable), whether, but for his trial counsel's deficient performance, the jury would not have decided, pursuant to the future dangerousness special issue, that Powell "constitute[s] a continuing threat to society".

(i)

Powell does not satisfy the COA-merits-standard concerning whether trial counsel's performance fell below an objective standard of reasonableness. Although he did not call the witnesses from the Louisiana trial who would have provided testimony favorable to Powell, counsel timely objected to admission of the Louisiana witnesses' testimony on double jeopardy grounds and argued the issue to the judge outside the presence of the jury;

13

counsel also vigorously cross-examined the State's witnesses and exposed the fact that Powell had been acquitted.

Because Powell failed in state court to raise his **Strickland** claim concerning the punishment phase, there is no record regarding trial counsel's strategy during that phase. Instead, presented is only Powell's assertion that trial counsel: "did absolutely nothing to prepare for the ... penalty phase"; "failed to obtain a transcript of the Louisiana trial[;] and failed to investigate independently". The only evidence concerning counsel's conduct comes from the state post-conviction proceeding, in which the state habeas judge (who had been the trial judge) found the trial court

> had sufficient contact with both Powell and his trial attorneys to be able to make credibility determinations and factual findings.... The Court finds that counsel conducted a thorough investigation in this cause and attempted to contact every potential witness supplied by Powell. Counsel was not able to locate every witness provided by Powell, despite making diligent efforts to do so.

**Ex Parte James Rexford Powell,** No. 3977-A, at 2 (15 Sept. 1997).

(ii)

Even if Powell could satisfy the COA-merits-standard for whether trial counsel's performance was deficient, Powell cannot satisfy that standard for prejudice. Prior to hearing testimony concerning the attempted-murder, the jury had already determined that Powell was guilty of abducting, sexually assaulting, and strangling a ten-year-old girl. And, after the attempted-murder testimony, two witnesses testified that Powell had a bad reputation as a peaceful and law-abiding citizen.

14

Consequently, Powell's COA request can also be denied for failure to show the denial of a constitutional right. Restated, reasonable jurists would not find debatable or wrong the district court's assessment of this claim. *See Strickland*, 498 U.S. at 697; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).

III.

For the foregoing reasons, we **DENY** the COA request and **AFFIRM** the denial of habeas relief.

*COA DENIED; JUDGMENT AFFIRMED*