NO. 07-02-0396-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 6, 2003

_____

JOSE D. ARAUSA, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-439,113; HON. JIM BOB DARNELL, PRESIDING

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Appellant Jose D. Arausa, Jr. appeals his conviction for aggravated sexual assault and asserts 12 issues. In his first four issues, he claims the trial court erred in denying his request for appointment of a psychiatrist. In issues five through eight, appellant complains of the trial court's failure to grant him a continuance to obtain the services of a court-

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

appointed psychiatrist. In his last four issues, appellant argues that the trial court should have granted his motion for new trial.[2] We affirm the judgment of the trial court.

## *Background*

The facts of the crime itself are not relevant to this appeal, and we will therefore not discuss them in detail.[3] However, the procedural history is relevant. Appellant was appointed counsel in March 2002. A pretrial hearing was held on April 12, 2002, at which time the trial court asked whether there were any issues of incompetency or incapacity of the defendant. The State responded that it knew of none, and the court ordered that any such information should be provided to the defense. On May 28, 2002, after learning that appellant had been sexually abused as a child, appellant's counsel filed an ex parte request to obtain a mental health expert to determine "the mental state of the defendant at the time of the alleged offense" and "the mental state of the defendant at the time of trial." On the same day, the request was granted, and Dr. Philip Davis, a psychologist, was appointed to assist in any investigations necessary to the defense. His report was to be finished by June 3, 2002. Another pretrial hearing was held on June 3, 2002. At that time, appellant presented a motion for continuance based on the fact that Dr. Davis would not be able to complete his report until June 10. The motion was granted, and trial was continued.

---

[2]Appellant argues all of his issues together. He also does not separately argue his federal and state constitutional challenges within those issues nor his alleged violations of the Code of Criminal Procedure. We will therefore not separately address them. *See Garcia v. State,* 919 S.W.2d 370, 388-89 (Tex. Crim. App. 1996) (holding that when error is founded upon a violation of both the Texas and United States Constitutions, each claim must be separately briefed to avoid waiver).

[3]Appellant was convicted of raping a 77-year-old grandmother of a friend.

On June 24, 2002, the case was called to trial. Appellant again requested a continuance and also requested a psychiatric examination to assess his competency to stand trial and sanity at the time of the offense. These requests were made as a result of information learned in Dr. Davis' report and from records subpoenaed from the Lubbock County Jail which indicated that appellant had "heard voices" in the past and had been treated with drugs for schizophrenia. Appellant also requested the appointment of a psychiatrist to address issues of organic brain damage, schizophrenia, and the medications taken by him.

The court appointed Dr. Davis to prepare a report as to appellant's competency to stand trial and his sanity at the time of the offense and continued the trial for one day. Dr. Davis found appellant competent to stand trial and concluded that he was not insane at the time of the offense.[4] On June 25, 2002, and just prior to trial commencing, appellant renewed his motion for continuance and his request for the appointment of a psychiatrist to help him evaluate the newly discovered evidence. Both requests were denied.

### Appointment of a Psychiatrist

In his first four issues, appellant claims the trial court erred in denying his request for the appointment of a psychiatrist. This allegedly deprived him of the effective assistance of counsel, equal protection, and due process of law under the United States and Texas Constitutions and the Code of Criminal Procedure. So too did it purportedly constitute a violation of article 26.05 of the Code of Criminal Procedure. We overrule the issues.

---

[4]Appellant did not request a competency hearing. Nor does he complain, on appeal, about the lack of one.

3

Appellant recognizes that in order to be entitled to the appointment of an expert witness to assist him in the evaluation, preparation, and presentation of his defense, he must initially show that the expert is needed and that the subject of his testimony will relate to a significant factor at trial. *See Ake v. Oklahoma,* 470 U.S. 68, 82-83, 105 S.Ct. 1087, 1096, 84 L.Ed.2d 53 (1985); *Griffith v. State,* 983 S.W.2d 282, 286-87 (Tex. Crim. App. 1998), *cert. denied,* 528 U.S. 826, 120 S.Ct. 77, 145 L. Ed.2d 65 (1999). This generally obligates the defendant to disclose his defensive theory to the trial court and support it with factual allegations and/or evidence as to why and how expert testimony would aid in the proper presentation of that theory. *Rey v. State,* 897 S.W.2d 333, 341 (Tex. Crim. App. 1995); *Norton v. State,* 930 S.W.2d 101, 107 (Tex. App.--Amarillo 1996, pet. ref'd). In this instance, since appellant had requested and been appointed a psychologist to assist him with regard to mental issues, it was also incumbent on appellant to explain to the trial court the distinctions and differences in approach between a psychologist and a psychiatrist and that a psychiatrist could or would detect certain maladies that a psychologist would not. *See Quin v. State,* 608 S.W.2d 937, 938 (Tex. Crim. App. 1980) (holding that there was no error in refusing to appoint a neurologist in addition to a psychologist because the distinctions and differences in approach between the two were not called to the trial court's attention prior to the court's ruling). Appellant states in his brief that he needed a psychiatrist to assist him with "matters relating to his competency to stand trial, his sanity at the time of the alleged offense, and the development of mitigation evidence for use at punishment." However, he made no showing that Dr. Davis was unable to provide that assistance.

4

Further, Dr. Davis presented a report at the trial court's request indicating that appellant was competent to stand trial and was not insane at the time of the offense. Appellant complains that, in doing so, Dr. Davis was the court's expert and was no longer acting as his expert. While we recognize that a defendant may be entitled to his own partisan expert psychiatrist if he shows that insanity is a significant factor at trial, the report of Dr. Davis shows the opposite to be true in this instance. *See De Freece v. State,* 848 S.W.2d 150, 159 (Tex. Crim. App.), *cert. denied,* 510 U.S. 905, 114 S.Ct. 284, 126 L.Ed.2d 234 (1993) (noting that a "court's expert" may serve the important function of identifying whether insanity is to be a significant factor at trial); *Knight v. State,* 868 S.W.2d 21, 23-24 (Tex. App.--Houston [1st Dist.] 1993, pet. ref'd) (holding that there was no showing that competency or sanity would be a significant issue at trial when the defendant requested a court-appointed psychiatrist after a psychologist had already determined the defendant was competent to stand trial and legally sane at the time of the offense). Appellant also failed to make a showing that a psychiatrist could or would have made a different finding on those matters.[5]

Next, appellant did point out to the trial court during the pretrial hearing that he was not sure that Dr. Davis was able to discuss medication issues.[6] However, he did not

---

[5]In his written motion for psychiatric examination, appellant sought the appointment of a disinterested witness to examine him with regard to his competency to stand trial and with regard to whether he was sane at the time of the offense. He did not seek a psychiatrist to assist him at trial with mitigation issues.

[6]In support of this contention, appellant cites to the testimony of Dr. Davis at the punishment hearing in which he stated that a psychiatrist was more qualified to talk about medication issues. However, this testimony was not before the trial court at the time the court ruled on the request for appointment of a psychiatrist.

5

establish that Dr. Davis could not provide the needed information.[7] Nor did he explain how a particular expert's expertise regarding medication would have been helpful with respect to his defense. For these reasons, we cannot say that the trial court abused its discretion in denying the request for a psychiatrist. *Day v. State,* 704 S.W.2d 438, 441 (Tex. App.-- Amarillo 1986, no pet.) (noting that the standard of review was one of abused discretion).

### *Failure to Grant Continuance*

In his fifth, sixth, seventh, and eighth issues, appellant claims the trial court erred in denying his motion for continuance so that he might obtain the services of a court-appointed psychiatrist. This allegedly denied him due process, effective assistance of counsel, and equal protection in violation of the United States and Texas Constitutions and in violation of articles 26.05 and 29.01 of the Code of Criminal Procedure. We overrule the issues.

The granting or denying of a motion for continuance is within the sound discretion of the trial court. *Heiselbetz v. State,* 906 S.W.2d 500, 511 (Tex. Crim. App. 1995). Through his motion for continuance, appellant requested that the cause be continued until a competency and sanity examination could be performed. The court did continue the trial for one day so that Dr. Davis could prepare a report on those issues based on his examination of appellant. Therefore, appellant obtained the relief requested by his written motion for continuance.

Further, even if it can be ascertained that appellant was requesting that the court appoint a psychiatrist to assist him at trial, we have determined that appellant was not

---

[7] The next day, in his objections to Dr. Davis' report on competency and sanity, appellant objected to Dr. Davis not being a psychiatrist because he was not competent to talk about drugs or prescribe them.

entitled to the appointment of a psychiatrist on those issues. *See Satterwhite v. State,* 697 S.W.2d 503, 507 (Tex. App.--Eastland 1985, pet. ref'd) (holding there is no abuse of discretion in failing to grant a motion for continuance to allow the defendant time to obtain the services of a psychiatrist to assist him at trial when the threshold showing that insanity will be a significant issue has not been made). Under these facts, there was no abuse of discretion on the part of the trial court.

### *Motion for New Trial*

In his last four issues, appellant contends the trial court erred in failing to grant his motion for new trial to obtain the services of a court-appointed psychiatrist. We overrule these issues as well.

The decision to grant a motion for new trial lies within the sound discretion of the trial court. *Lincicome v. State,* 3 S.W.3d 644, 646 (Tex. App.--Amarillo 1999, no pet.). In his motion for new trial, appellant alleged the trial court erred in failing to grant his motion for psychiatric examination and his motion for continuance due to the discovery of psychological records from the Texas Tech Family Counseling Center.[5] At the hearing on the motion for new trial, the records from Texas Tech were introduced which appellant claimed were the ones he needed help with from a psychiatrist "to . . . deal with . . . ." The custodian of those records testified the records were not found until it was too late to use them at trial and no one but him had authority to release the records. Dr. Thomas Kimball testified that because they were not available, he did not have the chance to go over those

---

[5]Appellant did state in his motion for continuance that there were records at Texas Tech Marriage and Family Counseling Center relating to counseling appellant had received there which the Center had been unable to locate due to short notice. However, his prayer requested a continuance so that "a competency and sanity exam can be completed on the defendant."

records at length before his testimony at the punishment phase of the trial and therefore he could not testify in detail as to appellant's mother's lack of parenting skills and the sexual abuse inflicted upon him by his uncle.[6]  However, after having an opportunity to review the records, he stated that his testimony would not have been any different if he had seen the records.

Appellant's counsel also testified that Dr. Davis would not discuss medication issues with him and, at some time subsequent to June 23, he had found a scientific article about a gene study and the propensity of certain people who have been abused to become abusers themselves, which he felt he needed a psychiatrist to discuss.  However, there was still no showing as to how any issues regarding medication related to appellant's defense.  Further, at the time he requested the additional appointment of a psychiatrist, appellant did not seek that appointment on the basis of the need for interpretation of a study on genetic defects in persons who have been the victims of child abuse.  Under these circumstances, the trial court did not abuse its discretion in failing to grant the motion for new trial.

Accordingly, the judgment of the trial court is affirmed.


Per Curiam


Do not publish.

_____

[6]There was testimony at the punishment hearing that appellant had suffered sexual abuse as a child.