11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Hurshal Sims, Jr.

Appellant

Vs.       Nos.
11-01-00381-CR, 11-01-00382-CR, & 11-01-00383-CRB Appeals from Dallas County

State of Texas

Appellee

 

The
trial court convicted appellant of two offenses of possession of cocaine (Cause
Nos. 11-01-00381-CR and 11-01-00383-CR) and one offense of burglary of a
building (Cause No. 11-01-00382-CR).  In
each case, appellant entered a plea of guilty to the offense and pleas of true
to two enhancement allegations.  Plea
bargain agreements were not reached. 
The trial court assessed appellant=s punishment at confinement for 25 years
for each of the possession of cocaine offenses and confinement for 10 years for
the burglary offense.  We affirm.

Appellant=s court-appointed counsel has filed a brief in which she
conscientiously examines  the record and
the applicable law and concludes that there is no reversible error.  Counsel has reviewed  the indictments, the pretrial proceedings,
appellant=s waiver of rights, appellant=s judicial confession, the trial court=s written and oral admonishments, and the performance of
trial counsel.  Appellate counsel states
that the indictments are sufficient, that appellant=s waiver of rights complied with the requirements of TEX.
CODE CRIM. PRO. ANN. arts. 1.13, 1.14, and 1.15 (Vernon Supp. 2002), that the
trial court properly admonished appellant pursuant to TEX. CODE CRIM. PRO.
ANN.  art. 26.13 (Vernon 1989 &
Supp. 2002), and that trial counsel provided reasonably effective assistance of
counsel.








Counsel
has furnished appellant with a copy of the brief and has advised appellant of
his right to review the record and file a pro se brief.  Counsel has complied with the procedures
outlined in Anders v. California, 386 U.S. 738 (1967); Stafford v. State, 813
S.W.2d 503 (Tex.Cr.App.1991); High v. State, 573 S.W.2d 807 (Tex.Cr.App.1978);
Currie v. State, 516 S.W.2d 684 (Tex.Cr.App.1974); and Gainous v. State, 436
S.W.2d 137 (Tex.Cr.App.1969).

In
five issues in his pro se brief, appellant contends that his trial counsel
withheld legal documents from U.S. Congressman Ralph Hall, that trial counsel Apressured@ him and Anever
spent anytime with@ him other than on court day, that trial
counsel did not return phone calls and was untruthful in stating to appellant
that he had talked to Congressman Hall, that counsel canceled court dates
without informing appellant or his family, that appellant was on pain medicine
the day of trial, and that appellant had Ano adequate advising of counsel.@   Appellant also
argues that he was not informed of the State=s
plea offer, that he raised his hand at the closing of the trial to offer the
character reference from Congressman Hall but the trial court would not let him
speak, and that the punishment assessed was cruel and unusual. 

The
record does not support appellant=s contentions that his trial counsel=s conduct was Abad conduct@
or that trial counsel provided ineffective assistance of counsel.  In order to determine whether appellant=s trial counsel rendered ineffective assistance at trial, we
must first determine whether appellant has shown that counsel=s representation fell below an objective standard of
reasonableness and, if so, then determine whether there is a reasonable
probability that the result would have been different but for counsel=s errors.  Strickland
v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 988 S.W.2d 770
(Tex.Cr.App.1999).  We must indulge a
strong presumption that counsel=s conduct fell within the wide range of
reasonable professional assistance; and appellant must overcome the presumption
that, under the circumstances, the challenged action might be considered sound
trial strategy.  Stafford v. State,
supra at 508-09.








Appellant
was admonished pursuant to Article 26.13 concerning his pleas of guilty. The
record before this court is silent on the issues of Congressman Hall=s character reference, trial counsel=s alleged failure to return calls or to spend time with
appellant, or trial counsel=s alleged pressuring appellant to act a
certain way. While plea bargain agreements were not reached, the record
reflects that the State recommended confinement for 25 years and a $3,000 fine
for each of the possession offenses and confinement for 10 years and a $1,000
fine for the burglary of a building offense. 
The record does not reflect that counsel=s
representation was not within the range of competence demanded of attorneys in
criminal cases or that there is a reasonable probability that, but for counsel=s error, appellant would have not pleaded guilty but would
have insisted on going to trial.  Hill
v. Lockhart, 474 U.S. 52 (1985); Ex parte Morrow, 952 S.W.2d 530
(Tex.Cr.App.1997).

Appellant
was represented by counsel at trial and, therefore, was not entitled to offer
evidence on his own during the trial. 
See Rougeau v. State, 738 S.W.2d 651, 666 (Tex.Cr.App.1987); Rudd v.
State, 616 S.W.2d 623 (Tex.Cr.App.1981); Stelbacky v. State, 22 S.W.3d 583, 586
(Tex.App. - Amarillo 2000, no pet=n). 
The trial court=s alleged failure to recognize appellant
as he attempted to offer a document into evidence was not error.  

In
Cause Nos. 11-01-00381-CR and 11-01-00383-CR, appellant was convicted of
possessing one or more grams but less than four grams of cocaine.  TEX. HEALTH & SAFETY CODE ANN.  ' 481.115(c) (Vernon Pamph. Supp. 2002)
defines the offense and declares it to be a third degree felony. Pursuant to
TEX. PENAL CODE ANN. ' 12.42(d) (Vernon Supp. 2002), the
punishment range for the two possession convictions was confinement for life or
for a period of time not to exceed 99 years but not less than 25 years.  In Cause No. 11-01-00382-CR, appellant was
convicted of burglary of a building, a state jail felony.  TEX. PENAL CODE ANN. ' 30.02 (Vernon Supp. 2002). 
The punishment range for the burglary conviction was enhanced to that of
a second degree felony:  confinement for
a term of not more than 20 years but not less than 2 years.  TEX. PENAL CODE ANN. ' 12.42(a)(2) (Vernon Supp. 2002); TEX. PENAL CODE ANN. ' 12.33 (Vernon 1994). 


Appellant
asked the trial court to place him on community supervision and in a drug
rehabilitation program. After considering appellant=s judicial confessions, hearing appellant=s testimony and reviewing the presentence investigation
report, the trial court stated that appellant=s
record was Atoo long and too bad@ to support appellant=s plea for leniency.  The punishments the trial court assessed are
within the range authorized by the legislature and do not constitute cruel and
unusual punishment.  The record supports
the trial court=s findings that appellant=s pleas were voluntarily and knowingly entered and that
appellant had the capacity to enter such pleas.  We have considered each of appellant=s contentions, and each is overruled.








Following
the procedures outlined in Anders, we have independently reviewed the
record.  Appellant admitted that he
committed each of the charged offenses as well as the offenses alleged for
enhancement.  Appellant informed the
trial court that he had had a drug problem since 1985, that Aall@ of the offenses were committed while he
was under the influence of drugs, that he wanted treatment, and that he was Ajust asking for some help so@
he could help himself.  The trial court
rejected his pleas for leniency.  The
record supports appellate counsel=s conclusions as to the sufficiency of
the admonishments and waivers and as to the effectiveness of trial counsel=s performance. 

After
reviewing all of the evidence in the light most favorable to the verdict, we
find that a rational trier of fact could have found the essential elements of
each of the offenses beyond a reasonable doubt and that, therefore, the
evidence is legally sufficient to support the convictions. Jackson v. Virginia,
443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000); Clewis
v. State, 922 S.W.2d 126 (Tex.Cr.App.1996). 
Further, after reviewing the evidence in a neutral light favoring
neither party, we find that the verdicts are neither clearly wrong and
manifestly unjust nor against the great weight of the evidence and that the
evidence is factually sufficient to support the convictions.  Johnson v. State, 23 S.W.3d 1 (Tex.Cr.App.2000);
Clewis v. State, supra.  We agree that
the appeals are without merit.  

The
judgments of the trial court are affirmed.

 

PER
CURIAM

 

August 22, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.