**Roland RUDD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60951.**

Court of Criminal Appeals of Texas, Panel No. 3.

June 3, 1981.

Wynn G. Stanton, Dallas, court appointed on appeal only, for appellant.

Henry Wade, Dist. Atty. & Stanley Keeton, Dan Clark & Todd Meier, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for State.

Before ODOM, DAVIS and McCORMICK, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated robbery. Punishment was assessed at twenty years.

In his first ground of error appellant complains of the lack of counsel at a pre-trial line-up and admission of the in-court identification. Because charges had not been brought against appellant at the time of the line-up, there was no right to counsel. *Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); *Turner v. State*, 614 S.W.2d 144 (4/15/81). Also the complainant had a good view of the robbery in a well-lighted room for about a half hour, and the in-court identification was clearly based on the complainant's observations at the time of the offense, not at the line-up. The first ground of error is overruled.

The second ground of error argues the indictment was fundamentally defective for failure to allege the elements of theft. Such allegations are not required in an indictment for aggravated robbery. See *Earl v. State*, 514 S.W.2d 273 (Tex.Cr.App.); *Davis v. State*, 532 S.W.2d 626 (Tex.Cr.App.); *McWherter v. State*, 607 S.W.2d 531 (Tex. Cr.App.).

Appellant next asserts the trial court commented on the weight of the evidence. No objection was made so nothing is presented for review. *Downey v. State*, 505 S.W.2d 907 (Tex.Cr.App.).

The last ground of error complains of two instances of jury argument. In the first instance the objection was sustained and the jury was instructed to disregard the argument. This removed any harm that may have been created. *Thomas v. State*, 578 S.W.2d 691 (Tex.Cr.App.). In the

second instance objection to the following argument was overruled:

"MR. CLARK: Ladies and gentlemen. I believe there was testimony in the prior phase of the trial that the Defendant said to Robert Lee Miller that he was going to kill him and I submit to you that its' a reasonable deduction from the evidence since the Defendant was in Robert Lee Miller's house and threatened to kill him before, that if he got back on the street—

"MR. STANTON: Your Honor, we are going to object to the Assistant District Attorney talking about the deductions from the evidence. That's the province of the Jury and we object to that.

"THE COURT: Overruled."

The record shows the complainant did testify as stated by the prosecutor in this argument. It was not error to overrule the objection. The ground of error is without merit.

 Appellant is represented by counsel who filed a brief in the case. There is no right to hybrid representation. *Landers v. State*, 550 S.W.2d 272 (Tex.Cr.App.). The pro se briefs therefore present nothing for review. An examination of the contentions asserted therein reveals no error that should be considered in the interest of justice.

The judgment is affirmed.