NO.  07-01-0158-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 21, 2002

_____


CHRIS DURANT HAYWOOD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 230TH DISTRICT COURT OF HARRIS COUNTY;

NO.  853553; HONORABLE BELINDA HILL, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Following his plea of not guilty, appellant Chris Durant Haywood was convicted by a jury of aggravated robbery, enhanced, and punishment was assessed by the trial court at 25 years confinement.  Presenting three points of error, appellant contends the trial court abused its discretion (1) by admitting over objection prior statements made by a knowingly reluctant co-defendant after he admitted that they were in fact made and which

implicated appellant; (2) by admitting over objection the prior statements of prosecution witness Derrick Taylor for purposes of impeachment without laying the proper predicate for admission of such evidence; and (3) by admitting over objection inadmissible hearsay concerning a photo spread of appellant offered for the sole purpose of convincing the jury that its own witness's prior statements were worthy of credit. Based upon the rationale expressed herein, we affirm.

Appellant does not challenge the sufficiency of the evidence; thus, only a brief recitation of the facts is necessary to the disposition of this appeal. On September 27, 1999, as Billy Crawford and Ikembrick Taylor were leaving a nightclub, they were flagged down by a man asking to borrow a lighter. Crawford exited his car and handed over the lighter. When Crawford turned back toward the car, he saw another man sitting in the driver's side, later identified as appellant, pointing a gun at Taylor's head. A third suspect was also present. The man who requested the lighter pointed a pistol at Crawford's stomach and said, "give me what you got." The suspects took some money and jewelry from the victims and appellant and one of the other suspects fled on foot. The third man, Derrick Taylor, who testified that his real name is Kasey Lavon Charles,[1] drove away in Crawford's car. The victims walked back to the nightclub to report the robbery to a Houston Police Officer outside the club.

---

[1]Hereafter referred to as Charles to avoid confusion with victim Ikembrik Taylor.

A short time after the robbery, Officer Jack Zakharia and another officer on patrol were notified about the robbery and given a description of the stolen car. The officers observed a car matching the description of the stolen car run a stop sign. After a high speed chase, appellant drove the car into a drainage ditch and fled the scene on foot. He was later apprehended by the K-9 unit.

During the afternoon of September 27, 1999, the robbery case was assigned to Sergeant D. R. Defee. The victims were contacted by telephone to appear for a live lineup and both victims identified Charles as a participant in the robbery. Sergeant Defee then interviewed Charles and after being properly admonished, Charles gave a written statement implicating appellant and another man named David McDonald in the robbery. After learning the names of the other two suspects, Sergeant Defee arranged a photo lineup for the victims. Crawford identified appellant as the man who held a gun to Taylor's head, although Taylor was unable to identify him. Charles entered into a plea bargain for his role in the robbery.

By his first point of error, appellant contends the trial court abused its discretion by admitting over objection prior statements made by a knowingly reluctant co-defendant (Charles) after he admitted that they were in fact made and which implicated appellant. We disagree. Charles was uncooperative when he testified at trial and claimed that appellant was a mere bystander during the robbery. His testimony conflicted with his prior statement given to Sergeant Defee on the day of the robbery in which he implicated

3

appellant. To explain his inconsistencies, Charles insisted that he was intoxicated at the time he gave his statement and thus unaware of its contents. However, upon cross-examination, the State established that many hours had passed from the time of his arrest to the time he gave his statement thereby refuting his claim of intoxication.

During Charles's testimony defense counsel's hearsay objection was overruled and Charles was permitted to testify that in his written statement he implicated appellant as participating in the robbery. When Sergeant Defee testified that appellant's name was obtained from Charles's statement, defense counsel again objected on hearsay grounds. His second objection was also overruled. Appellant's argument is two-fold: (1) Charles's prior inconsistent statement could not be used for impeachment purposes if the prosecution's purpose for doing so was to place substantive evidence before the jury which was not otherwise admissible, and (2) Charles's testimony constituted inadmissible hearsay that prejudiced him.

The determination of whether to admit evidence is within the discretion of the trial court and its ruling will not be disturbed absent an abuse of discretion. Montgomery v. State, 810 S.W.2d 890, 893 (Tex.Cr.App. 1990). Hearsay is a statement other than one made by the declarant while testifying at trial, which is offered to prove the truth of the matter asserted. Tex. R. Evid. 801(d). An extra-judicial statement that is offered for the purpose of showing what was said rather than for the truth of the matter asserted therein is not hearsay. Crane v. State, 786 S.W.2d 338, 352 (Tex.Cr.App. 1990); *see also* Dinkins

4

v. State, 894 S.W.2d 330, 347-48 (Tex.Cr.App 1995), *cert. denied*, 516 U.S. 832, 116 S.Ct. 106, 133 L.Ed.2d 59 (1995) (holding that an appointment book and application form containing the defendant's name were not inadmissible hearsay because they were admitted to explain how the defendant became a part of the police investigation).

The State is barred from using prior inconsistent statements under the guise of impeachment for the primary purpose of placing substantive evidence before the jury which is not otherwise admissible. Hughes v. State, 4 S.W.3d 1, 4 (Tex.Cr.App. 1999); Barley v. State, 906 S.W.2d 27, 37 n.11 (Tex.Cr.App. 1995), *cert. denied*, 516 U.S. 116 S.Ct. 1271, 134 L.Ed.2d 217 (1996). However, having determined that Charles's prior inconsistent statements were not inadmissible hearsay because they were used to explain how appellant became the subject of a police investigation, we find that the trial court did not abuse its discretion in admitting evidence implicating appellant as a suspect. Point of error one is overruled.

By his second point, appellant contends the trial court erred by admitting over objection prior statements of prosecution witness Charles for purposes of impeachment without laying the proper predicate. We disagree. As a prerequisite to preserving a complaint for appellate review, the record must show that a timely objection, request, or motion was made sufficiently stating the grounds therefor, and that the trial court made an adverse ruling. Tex. R. App. P. 33.1(a). During Charles's testimony regarding his prior

statement, which was not offered into evidence, defense counsel made the following

objections:

>[Counsel]: We object to counsel testifying about a document that is not in evidence.
>
>[Court]: Overruled:
>
>> \* \* \*
>
>[Counsel]: I object to hearsay as to my client.
>
>[Court]: Overruled.
>
>> \* \* \*
>
>[Counsel]: I'm going to renew my objection, Your Honor.
>
>[Court]: Sustained as to the form of the question.
>
>> \* \* \*
>
>[Counsel]: Your Honor, may I have a continuing objection to the testimony of any statements that would be hearsay as to my client not in evidence?
>
>[Court]: I'm going to take the objections as they come. I sustain the objection as to the form of that last question.

Later in Charles's testimony the prosecutor asked:

>Q. Okay. So, when you are saying stopped by the police, it started like this: Me and my two friends were riding and one of them says, let's get rid of these guys and told me to watch out and drive the car back to the north side--
>
>[Counsel]: Could I have a running objection?
>
>[Court]: Sustained.

No other objections were made by defense counsel during Charles's testimony. On appeal

appellant argues that the proper predicate was not laid, (*i.e.*, informing the witness of the

contents of the statement and the time and place and person to whom it was made). Tex. R. Evid. 613(a). To preserve a claim for appellate review, the grounds for objection at trial must comport with the argument advanced on appeal. Trevino v. State, 991 S.W.2d 849, 854 (Tex.Cr.App. 1999); Goff v. State, 931 S.W.2d 537, 551 (Tex.Cr.App. 1996), *cert. denied*, 520 U.S. 117 S.Ct. 1438, 137 L.Ed.2d 545 (1997). Moreover, Charles's prior statement was used by the State to refresh his recollection and was not offered into evidence. Accordingly, because appellant has failed to preserve error for his second point, it is overruled.

By his third issue, appellant contends the trial court erred in admitting over objection inadmissible hearsay concerning a photo spread of appellant and offered for the sole purpose of convincing the jury that its own witness's prior statements were worthy of credit. We disagree. During Sergeant Defee's direct examination, defense counsel made only one objection in response to the following line of questioning:

> Q. What did you do once you got those names from Mr. [Charles]?
>
> A. My partner and I did an extensive amount of computer work on the HPD computer databases using the names Mr. [Charles] gave us.
>
> Q. Were you able to – what two names were you given?
>
> A. I was given the defendant as well as –
>
> [Counsel]: I object to the hearsay portion of the statement made by [Charles] involving someone other than himself.

Although the record does contain an objection to Sergeant Defee's testimony regarding the prior statement made by Charles that ultimately led to appellant as a suspect, the record does not reflect any objections regarding Defee's testimony on the preparation of the photo lineup or his procedure in displaying it to the victims. A timely and specific objection is required to preserve a complaint for appellate review. Tex. R. App. P. 33.1(a). Appellant's argument that the trial court erroneously admitted hearsay concerning the photo spread is not supported by a trial objection and is deemed waived. Burks v. State, 876 S.W.2d 877, 899 (Tex.Cr.App. 1994) (en banc), *cert. denied*, 513 U.S. 115 S.Ct. 909, 130 L.Ed.2d 791 (1995). Accordingly, appellant's third point is overruled.

We have not overlooked appellant's *pro se* motion regarding ineffective assistance of counsel and other issues. However, as appellant acknowledges, he has no right to hybrid representation. *See* Rudd v. State, 616 S.W.2d 623, 625 (Tex.Cr.App. [Panel Op.] 1981). Appellant may have recourse for his complaint by submitting an application for a post-conviction writ of habeas corpus. Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2002).

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.