Affirmed and Memorandum Opinion filed May 22, 2003









Affirmed
and Memorandum Opinion filed May 22, 2003.

 




 
 
 
  
 
 
 




In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-00543-CR

____________

 

ROBERT CONLEY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 339th
District Court

Harris County, Texas

Trial Court Cause No. 903,123

 



 

M E M O R A N D U M   O
P I N I O N

Appellant, Robert Conley, was convicted by a jury of burglary
of a habitation.  Appellant pled true to
two enhancement paragraphs, and the jury assessed his punishment at confinement
in the state penitentiary for a term of thirty years.  In two points of error, appellant contends he
received ineffective assistance of counsel. 
We affirm.








On August 20, 2001, two witnesses observed a black male
wearing black pants, a black t-shirt with yellow on the front, and a black
baseball cap, step onto a neighbor=s porch and break out a window.  He then entered the house and the witnesses
called the police.  When the police
arrived, they surrounded and then entered the house.  The police found no one inside the house, but
when they began searching the neighboring woods, they found appellant, meeting
the above description, lying on the ground and attempting to hide.  Within twenty-five feet of the appellant were
some items that had been taken from the house. 
Although the witnesses were not able to identify appellant by his face,
they were able to identify him by his clothing and general appearance shortly
after his arrest.  Because of the
suggestive nature of the one-on-one show-up, the witnesses were not permitted
to testify that appellant was the person they saw entering the house.  However, they were permitted to testify that
the appellant was the person they saw in police custody, shortly after the
burglary, meeting the description of the person they had earlier seen entering
the house.  On appeal, appellant contends
he received ineffective assistance of counsel due to his counsel=s failure to object to the in-court
identification made by the two witnesses.

Both the United States and Texas Constitutions guarantee an
accused the right to assistance of counsel. 
U.S. Const. amend. VI; Tex. Const. art. I, ' 10; Tex. Code Crim. Proc. Ann. art. 1.05 (Vernon 1977).  The right to counsel necessarily includes the
right to reasonably effective assistance of counsel.  Strickland
v. Washington, 466 U.S. 668, 686 (1984). 
The United States Supreme Court has established a two-prong test to
determine whether counsel is ineffective. 
Id.  First, appellant must demonstrate counsel=s performance was deficient and not
reasonably effective.  Id. at 688B92. 
Second, appellant must demonstrate the deficient performance prejudiced
the defense.  Id. at 693.  Essentially,
appellant must show that his counsel=s representation fell below an
objective standard of reasonableness, based on prevailing professional norms,
and there is a reasonable probability that, but for his counsel=s unprofessional errors, the result
of the proceeding would have been different.  Id.; Valencia v. State, 946 S.W.2d 81, 83
(Tex. Crim. App. 1997).








Judicial scrutiny of counsel=s performance must be highly
deferential and we are to indulge the strong presumption that counsel was
effective.  Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994).  We presume counsel=s actions and decisions were
reasonably professional and that they were motivated by sound trial
strategy.  Id.  Moreover, it is the
appellant=s burden to rebut this presumption,
by a preponderance of the evidence, through evidence illustrating why trial
counsel did what he did.  Id. 
Any allegation of ineffectiveness must be firmly founded in the record
and the record must affirmatively demonstrate the alleged ineffectiveness.  McFarland
v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), overruled on other grounds by, Mosley v.
State, 983 S.W.2d 249, 263 (Tex. Crim. App. 1998).  Where the record contains no evidence of the
reasoning behind trial counsel=s actions, we cannot conclude counsel=s performance was deficient.  Jackson,
877 S.W.2d at 771; Thompson v.
State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (holding that when the
record provides no explanation as to the motivation behind trial counsel=s actions, an appellate court should
be hesitant to declare ineffective assistance of counsel).  An appellate court is not required to
speculate on the reasons behind trial counsel=s actions when confronted with a
silent record.  Jackson, 877 S.W.2d at 771. 


If appellant proves his counsel=s representation fell below an
objective standard of reasonableness, he must still affirmatively prove
prejudice as a result of those acts or omissions.  Strickland, 466 U.S. at
693; McFarland, 928 S.W.2d at
500.  Counsel=s errors, even if professionally
unreasonable, do not warrant setting the conviction aside if the errors had no
effect on the judgment.  Strickland, 466 U.S. at 691.  Appellant must prove that counsel=s errors, judged by the totality of
the representation, denied him a fair trial. McFarland, 928 S.W.2d at 500. 
If appellant fails to make the required showing of either deficient
performance or prejudice, his claim fails.  Id. 

The record contains a pro
se motion for new trial filed with the clerk on June 10, 2002.  At the time the motion was filed, appellant
had appointed counsel.  Appellant is not
entitled to hybrid representation.  Rudd v. State, 616 S.W.2d 623, 625
(Tex. Crim. App. 1981); McKinny v.
State, 76 S.W.3d 463, 478 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d).








By failing to properly file a motion for new trial to
determine trial counsel=s reasons for not challenging the in-court identifications,
appellant has failed to overcome the presumption that such action was part of a
sound trial strategy.  The record
provides no discernible explanation of the motivation behind counsel=s failure to object, but trial
counsel=s actions could have been of
strategic design.  Thompson, 9 S.W.3d at 812.  In most cases, a silent record that provides
no explanation for counsel=s action will not overcome the strong presumption of
reasonably effective assistance.  See id. at 813B14. 
Moreover, appellant has not shown there is a reasonable probability that
the result of the trial would have been different if appellant=s counsel had objected to the
in-court identification.

Accordingly, the judgment of the trial court is affirmed.

 

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Opinion filed May 22, 2003.

Panel consists of
Justices Hudson, Edelman, and Draughn.*

Do Not Publish C Tex.
R. App. P. 47.2(b).











*  Senior Justice
Joe L. Draughn sitting by assignment.