IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-300-04






JAMIE LEE BLEDSOE, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TWELFTH COURT OF APPEALS


SHELBY COUNTY





 Meyers, J., delivered the opinion for a unanimous Court.


 


 

 Appellant was charged with and convicted of the offense of escape. (1) A jury
sentenced him to fifteen years' imprisonment in the Texas Department of Criminal
Justice-institutional division, and assessed a $5,000.00 fine. Appellant's counsel filed an
Anders (2) brief with the court of appeals and moved to withdraw from the case. Appellant
also filed a brief with the court of appeals in response to the Anders brief. In a
memorandum opinion, the court of appeals stated that no reversible error existed and
affirmed the conviction. We affirm the decision of the court of appeals.

I. Appellate History and Grounds for Review

 Appellant was formally sentenced on July 27, 2000, and timely filed his notice of
appeal. Appellant's counsel subsequently filed an Anders brief on December 4, 2000. 

The Twelfth Court of Appeals handed down its opinion on May 8, 2002, in which it
considered the ineffective assistance of counsel claims listed in Appellant's counsel's
Anders brief and determined that the record did not support the argument that Appellant
received ineffective assistance of counsel. Appellant's pro se response was not
considered because it was not based on the record. The court affirmed Appellant's
conviction and granted the motion of Appellant's counsel to withdraw. (3) Appellant then
filed a motion for rehearing, which the court of appeals granted upon finding that
Appellant did not receive a copy of counsel's Anders brief or the trial record, and
therefore was unable to prepare a satisfactory pro se response. Appellant's newly
appointed counsel then filed an Anders brief, to which Appellant filed a pro se response. 

 The court of appeals issued a memorandum opinion on November 19, 2003, which
we reproduce in its entirety as follows:

MEMORANDUM OPINION

 Jamie Lee Bledsoe ("Appellant") was convicted of escape and was
sentenced to fifteen years of imprisonment and fined $5,000.00. Appellant's
counsel filed a brief in compliance with Anders v. California and Gainous v.
State. Appellant also filed a brief pro se, asserting legal and factual
insufficiency of the evidence, ineffective assistance of counsel, charge error,
and denial of his right to confront witnesses as grounds for reversing his
conviction. We affirm.

BACKGROUND

 Appellant was charged by indictment with the offense of escape. On
June 26, 2000, his case was tried to a jury and a guilty verdict was rendered on
June 27. Appellant elected to have the jury assess punishment and was
sentenced to fifteen years of imprisonment and a $5,000.00 fine. Appellant
timely filed his notice of appeal on July 27.

ANALYSIS PURSUANT TO ANDERS V. CALIFORNIA

 Appellant's counsel filed a brief in compliance with Anders v.
California and Gainous v. State, stating that he has diligently reviewed the
appellate record and is of the opinion that the record reflects no reversible
error and that there is no error upon which an appeal can be predicated. He
further relates that he is well acquainted with the facts in this case. In
compliance with Anders, Gainous, and High v. State, Appellant's brief
presents a chronological summation of the procedural history of the case, and
further states that Appellant's counsel is unable to raise any arguable issues for
appeal. We have likewise reviewed the record for reversible error and have
found none.

 As required by Stafford v. State, Appellant's counsel has moved for
leave to withdraw. We carried the motion for consideration with the merits of
the appeal. Having done so and finding no reversible error, Appellant
counsel's motion for leave to withdraw is hereby granted and the trial court's
judgment is affirmed.


Bledsoe v. State, No. 12-00-00271-CR, 2003 Tex. App. LEXIS 9860 (Tex. App.-Tyler
November 19, 2003) (not designated for publication) (citations omitted).

 We granted review on two grounds. First, did the court of appeals err in handing
down a memorandum opinion that fails to address any of Appellant's appellate issues for
final disposition? And second, did the court of appeals err in declining to review the
sufficiency of evidence claim raised by Appellant?

 Appellant argues that the memorandum opinion of the court of appeals is in
violation of Texas Rule of Appellate Procedure 47.1, which requires that a memorandum
opinion address every issue raised and necessary to the final disposition of the case.

He further asserts that without an explanation for the court's affirmation of his
conviction, he is prevented from filing a proper petition for discretionary review with this
Court on the merits of his appeal.

 The State contends that the court of appeals did not err in failing to address the
Appellant's arguments because in Texas, defendants are not entitled to "dual" or "hybrid"
representation. 

II. Analysis

 Texas Rule of Appellate Procedure 47.1 sets out the requirements for appellate
court opinions. It states that a court of appeals "must hand down a written opinion that is
as brief as practicable but that addresses every issue raised and necessary to final
disposition of the appeal." If the issues are settled, the court may issue a memorandum
opinion, which rule 47.1 states should be "no longer than necessary to advise the parties
of the court's decision and the basic reasons for it."

 In this case, Appellant's counsel submitted an Anders brief, pursuant to the United
States Supreme Court's decision in Anders v. California. Appellant's counsel requested
to withdraw from the case because he believed that after a thorough review of the record,
he could find no error to raise any arguable issues for appeal. Appellant also submitted a
pro se brief to the court. (4) In it, he raised several points of error, including legal and
factual insufficiency of the evidence, charge error, denial of the right to confront
witnesses, and ineffective assistance of counsel. The court of appeals mentioned the
claims Appellant brought forth in his pro se brief and stated that it reviewed the record
and found no reversible error. (5) Appellant argues that this falls short of the requirements
of Texas Rule of Appellate Procedure 47.1, which states that even a memorandum
opinion must advise the respective parties not only of the court's decision, but also the
basic reasons for it. Due to the nature of Anders briefs, we disagree with Appellant that
the court of appeals should have addressed the merits of the issues raised.

 When faced with an Anders brief and if a later pro se brief is filed, the court of
appeals has two choices. It may determine that the appeal is wholly frivolous and issue
an opinion explaining that it has reviewed the record and finds no reversible error. 
Anders, 386 U.S. at 744. Or, it may determine that arguable grounds for appeal exist and
remand the cause to the trial court so that new counsel may be appointed to brief the
issues. Stafford, 813 S.W.2d at 511. Only after the issues have been briefed by new
counsel may the court of appeals address the merits of the issues raised. Id. at 509-10
(quoting Anders, 386 U.S. at 744). If the court of appeals were to review the case and
issue an opinion which addressed and rejected the merits raised in a pro se response to an
Anders brief, then Appellant would be deprived of the meaningful assistance of counsel. 
Furthermore, this does not deprive Appellant of his right to file a petition for
discretionary review. Appellant is free to file a petition for discretionary review with this
Court claiming that the court of appeals erred in holding that there were no arguable
grounds for review. (6) 

 The State argues that the court of appeals was not required to consider or address
any of Appellant's arguments, because Appellant's counsel had already filed a brief, and
in the State of Texas, Appellants are not entitled to "hybrid" or "dual" representation. For
the reasons stated above, we agree that the court of appeals was not required to address
Appellant's claims. We disagree with the State's argument that Appellant's pro se
response to the Anders brief constituted hybrid or dual representation. The State cites two
cases for this proposition, Rudd v. State, 616 S.W.2d 623 (Tex. Crim. App. [Panel op.]
1981), and Landers v. State, 550 S.W.2d 272 (Tex. Crim. App. 1977). The State's
reliance on these cases, however, is misplaced. 

 Landers involved a trial in which the defendant wanted to represent himself some
of the time, and wanted to have counsel represent him for the remainder of the time. We
held that an accused does not have the right to be both represented by counsel and also
propound his own questions to witnesses and make jury argument on his own behalf. In
Rudd, the appellant's counsel filed a brief and, in addition to counsel's brief, appellant
wanted the court to consider a pro se brief he had written. Both of these cases are
distinguishable from the present situation. Under Anders, an appellant has a right to
review the Anders brief that counsel submitted and to respond to it on his own. In the
case before us, the pro se brief that Appellant filed in response to his counsel's filing of
an Anders brief is not dual representation as seen in the Rudd and Landers cases. In
Rudd, the appellant wished to have two separate briefs; his counsel had already filed a
brief raising arguable issues to the court, and he wished to file an additional pro se brief. 
In this case, Appellant's brief is a response to his counsel attempting to withdraw from his
case. 

 In his second ground for review, Appellant asserts that the court of appeals erred in
declining to review his sufficiency of the evidence claims. As stated above, the court of
appeals is not required to review the merits of each claim raised in an Anders brief or a
pro se response. The court's duty is to determine whether there are any arguable grounds
and if there are, to remand to the trial court so that new counsel may be appointed to brief
the issues. 

 III. Conclusion

 

 Due to the nature of Anders briefs, by indicating in the opinion that it considered
the issues raised in the briefs and reviewed the record for reversible error but found none,
the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1. 
The decision of the court of appeals is affirmed. 

 Meyers, J.


Publish

Delivered: November 16, 2005

1. Tex. Pen. Code section 38.06.
2. Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).
3. Bledsoe v. State, No. 12-00-00271- CR, 2002 Tex. App. LEXIS 3287 (Tex. App.--Tyler
May 8, 2002) (not designated for publication). 
4. See Anders v. California, 386 U.S. 738 (1967); Stafford v. State, 813 S.W.2d 503, 510
(Tex. Crim. App. 1991) (quoting Anders v. California: "A copy of counsel's brief should be
furnished the indigent and time allowed for him to raise any points that he chooses; the court, not
counsel, then proceeds, after a full examination of the proceedings, to decide whether the case is
wholly frivolous.").
5. Bledsoe v. State, No. 12-00-00271- CR, 2003 Tex. App. LEXIS 9860 (Tex. App.--Tyler
November 19, 2003) (not designated for publication). 
6. While an appellant has a right to file a petition for discretionary review with this Court,
review is not a matter of right. See Texas Rule of Appellate Procedure 66.2; Texas Constitution
Article V, § 5(b).