Opinion issued May 27, 2009

 



 







In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-09-00234-CR
____________

IN RE JAVIER SOLIS, JR. Relator




Original Proceeding on Petition for Writ of Mandamus



 
MEMORANDUM OPINION
          Relator has filed in this Court a pro se petition for writ of mandamus asking
that we order respondent trial court judge


 to set bail, to grant application for writ of
habeas corpus, conduct an evidentiary hearing, and to conduct a suppression hearing
in trial court cause number 774496. Relator also requests a writ of prohibition.
          First, relator’s petition does not meet the requirements of the Texas Rules of
Appellate Procedure. For example, it does not include a designation of the parties,
a complete list of all parties, a table of contents, an index of authorities, an appendix
that contains a certified or sworn copy of any order or opinion complained of , or any
other document showing the matter complained of and relator does not certify that he
has reviewed the petition and concluded that every factual statement in the petition 
is supported by competent evidence included in the appendix or record. See Tex. R.
App. P. 9.5, 52.3(j)(k). 
          Although we generously read a pro se litigant’s petition in an original
proceeding we will hold “the relator to the same procedural standards we apply to
other litigants.” Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st
Dist.] 1992, orig. proceeding). In this case, relator has not provided us with a record
that shows that he made any request of respondent to perform a nondiscretionary act
that respondent refused. See id. at p. 426.
          Moreover, relator is represented by appointed counsel, Roland B. Moore, III,
in the trial court. Relator is not entitled to hybrid representation. See Gray v. Shipley,
877 S.W.2d 806 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding); Rudd v.
State, 616 S.W.2d 623, 625 (Tex. Crim. App. 1981). 
          Therefore the petition for writ of mandamus and the request for a writ of
prohibition are denied.
          Any pending motions are denied as moot.
PER CURIAM
Panel consists of Justices Keyes, Hanks, and Bland.
Do not publish. Tex. R. App. P. 47.2(b).