Opinion to issue July 1, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NOS. 01-10-00324-CR 

           01-10-00326-CR 

          01-10-00327-CR

———————————

IN RE CECIL WALTER MAX-GEORGE, Relator



 



 

Original Proceeding on Petition for Writ of Mandamus    



 



 

MEMORANDUM OPINION

          Applicant, Cecil Walter Max-George,
has filed a pro se petition for writ of  mandamus[1]
in which he requests this Court to compel respondents[2]
to provide him with a copy of a motion for evidentiary hearing filed in trial
court cause numbers 1246002, 1246003, and 1246004 by his attorney.  Relator also requests that we order respondents
to place the motion  on the trial court's
docket for a hearing.[3]  We deny the petition for writ of mandamus.

          First, relator's petition does not meet the requirements of
the Texas Rules of Appellate Procedure because it does not certify that a copy was
served on respondents.  See Tex.
R. App. P. 9.5, 52.3(j). 
Moreover, relator states in his petition that he is represented by counsel,
Ray Castro.  Relator is not entitled to
hybrid representation in the trial court. 
See Gray v. Shipley, 877 S.W.2d 806 (Tex. App.CHouston [1st Dist.] 1994, orig.
proceeding); Rudd v. State, 616 S.W.2d 623, 625 (Tex. Crim. App.
1981).   

          Therefore, we deny the petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Keyes, Hanks, and Higley.

Tex. R. App. P. 47.2(b).











[1]
          Relator requests relief related to
trial court cause numbers 1246002, 1246003, and 1246004 filed in the 232nd
District Court of  Harris County,
Texas.  

 





[2]
          Relator names as respondents: The
Honorable Mary Lou Keel, Presiding Judge, 232nd District Court, Harris County,
Texas; Joshua Somars, Harris County Assistant District Attorney; and the Clerk
of the 232nd District Court.  

 





[3]
          Relator is requesting a hearing
to challenge the truthfulness or accuracy of an affidavit used to obtain a search
warrant.  This type of hearing is
commonly called a Franks
hearing.  Franks v. Delaware, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667
(1978).