**Order entered April 16, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-01594-CR

**DAMON ROBERTSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F11-17405-K**

## ORDER

On February 25, 2013, appellant, who is represented by counsel, filed a pro se motion to file a supplemental brief. Because he is not entitled to hybrid representation, we denied appellant's motion by order dated February 28, 2013. *See Rudd v. State*, 616 S.W.2d 623 (Tex. Crim. App. [Panel Op.] 1981). On March 14, 2013, appellant filed an objection to our ruling and on April 4, 2013, he filed a motion requesting we rule on his objection. In both the objection and motion, appellant asserts that the language in article 1, section 10 of the Texas Constitution and article 1.05 of the Texas Code of Criminal Procedure providing that an accused "shall have the right of being heard by himself, or counsel, or both" in fact entitles him to hybrid representation. However, as noted by the Texas Court of Criminal Appeals in *Landers v. State*, 550 S.W.2d 272,

278 (Tex. Crim. App. 1977), this language has consistently been interpreted "to allow an accused and his counsel to be heard at trial in appropriate situations, but not to expand or alter the right to counsel or in any way give the accused the right to hybrid representation."  Accordingly, we **DENY** appellant's March 14th objection and April 4th motion.

/Douglas S. Lang/
DOUGLAS S. LANG
PRESIDING JUSTICE