

# Fourth Court of Appeals
## San Antonio, Texas

March 12, 2014

No. 04-13-00292-CR

Armando **SIMON**,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR2132
Honorable Melisa Skinner, Judge Presiding

# O R D E R

Appellant's original appointed attorney filed an *Anders* brief and motion to withdraw in this appeal, stating his opinion that there were no non-frivolous appellate issues to be raised. On January 15, 2014, we issued an opinion granting counsel's motion to withdraw but abating the appeal to the trial court for appointment of a new attorney to represent appellant after finding the existence of an arguable appellate issue. A supplemental clerk's record was subsequently filed in this court containing the trial court's order signed on January 17, 2014 appointing attorney Anthony Colton to represent appellant on appeal. Thereafter, on January 29, 2014 we reinstated the appeal and set the deadline for the filing of an appellant's brief by Mr. Colton. On February 26, 2014, Mr. Colton timely filed the appellant's brief. The State's brief is currently due on March 28, 2014.

Shortly after Mr. Colton was appointed and we reinstated the appeal, appellant filed a "Motion to Proceed Pro Se" and a "Pro Se Appellant's Brief." A pro se "Motion to Expedite the Appeal" filed by appellant was subsequently withdrawn. When an *Anders* brief has been filed and we determine there is an arguable ground for appeal, we must remand the case to the trial court for appointment of new appellate counsel to brief and present that issue along with any other grounds that might support the appeal. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Once the court has appointed an attorney to represent an indigent defendant, the defendant has been accorded the protections provided under the Sixth and Fourteenth Amendments to the United States Constitution and article 1.051 of the Texas Code of Criminal Procedure. The defendant then carries the burden of showing adequate cause for a change of counsel or a timely and effective waiver of counsel and desire to proceed pro se. *Webb v. State*, 533 S.W.2d 780, 784 n.3 (Tex. Crim. App. 1976); *Cain v. State*, 976 S.W.2d 228, 235-36 (Tex. App. – San Antonio 1998, no pet.) (knowing and intelligent waiver of right to counsel, after being informed of dangers and disadvantages of doing so, is required for defendant to properly assert right to self-representation). Here, appellant did not assert his desire to proceed pro se until after new counsel was appointed to represent him on appeal. The Motion to Proceed Pro Se is DENIED.

Because in Texas appellants do not have a right to hybrid representation, i.e., representation by both counsel and pro se representation, we STRIKE the Pro Se Appellant's Brief. *See Rudd v. State*, 616 S.W.2d 623, 625 (Tex. Crim. App. [Panel Op.] 1981).

_____
Rebeca C. Martinez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 12th day of March, 2014.

_____
Keith E. Hottle
Clerk of Court