**Opinion issued February 25, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00643-CR

———————————

**HAROLD T. SAMUELS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Case No. 1401787**

---

## MEMORANDUM OPINION

Samuels pleaded guilty to felony misapplication of fiduciary property.[1] The

indictment charged him with misapplying a fiduciary's property for a continuous

period six to nine years before he was charged. On appeal, Samuels argues, for the

---

[1]    TEX. PENAL CODE ANN. § 32.45(b)(6) (West Supp. 2015).

first time, that he could not be charged with this offense because the statute of limitations had expired. Because he forfeited his statute-of-limitations defense by entering a guilty plea, we affirm.

## Background

In 2013, Samuels was indicted for felony "misapplication of fiduciary property," a crime with a statute of limitations of seven years, for misapplying over $200,000 under an agreement he had with a person to whom he indisputably owed a fiduciary duty. *See* TEX. PENAL CODE ANN. § 12.01(3)(A) (West Supp. 2015). The alleged misapplication began in 2004 and continued through 2007.

Samuels pleaded guilty to the offense. In the waivers he signed when he pleaded guilty, Samuels agreed: "I give up all rights given to me by law, whether of form, substance or procedure."

After a pre-sentence hearing, the trial judge sentenced Samuels to 14 years in jail and a fine of $10,000. Samuels appeals his conviction.

## Statute-of-Limitations Defense Waived

In his sole issue,[2] Samuels argues that his "indictment alleges dates that are outside of the statute of limitations. . . . Therefore, said Indictment was and is

---

[2] After his attorney filed a brief in this case, Samuels filed numerous letters with this Court. Because a criminal defendant has no right to hybrid representation on appeal, we consider only the issues raised in Samuels's counsel's brief and do not address the points raised in the letters. *See Rudd v. State*, 616 S.W.2d 623, 625 (Tex. Crim. App. 1981); *Landers v. State*, 550 S.W.2d 272, 280 (Tex. Crim. App. 1977); *see also Giles v. State*, No. 01-08-00410-CR, 2010 WL 2133893, at *1

defective on its face." The State argues that Samuels did not object to this alleged error before his conviction and thus "forfeited his right to complain about the statute of limitation . . ." on appeal.

For a party to preserve an issue for appeal, it must make a timely, specific objection on the alleged error and obtain a ruling. *See* TEX. R. APP. P. 33.1(a). Even a potential constitutional violation can be waived if the party fails to object in the trial court. *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990).

Some rights, however, are so fundamental that they cannot be waived. In *Marin v. State*, the Court of Criminal Appeals outlined three categories of rights. 851 S.W.2d 275, 279 (Tex. Crim. App. 1993). The first category consists of "absolute requirements and prohibitions," which are fundamental and cannot be waived. *Id.* The second category consists of "rights of litigants which must be implemented by the system unless expressly waived." *Id.* The third consists of "rights of litigants which are to be implemented upon request." *Id.*

Rights in the first category cannot be waived; thus violations of those rights may be raised for the first time on appeal. *Id.* at 280. Rights in the second category are never deemed to have been waived unless the defendant "says so plainly, freely, and intelligently, sometimes in writing and always on the record." *Id.* If no such waiver is found on the record, a violation of that right may be raised for the

(Tex. App.—Houston [1st Dist.] May 27, 2010, pet. ref'd) (mem. op., not designated for publication).

3

first time on appeal. But the third-category *Marin* rights can be forfeited by the litigant "for failure to insist upon it by objection, request, motion, or some other behavior calculated to exercise the right in a manner comprehensible to the system's impartial representative, usually the trial judge." *Id.* at 279–80.

A statute-of-limitations defense is a "category-three forfeitable right[] . . . ." *Ex parte Heilman*, 456 S.W.3d 159, 169 (Tex. Crim. App. 2015). Thus, the defendant waives that defense by entering a guilty plea. *Id.*; *see Lee v. State*, No. 09-13-00569-CR, 2015 WL 3407001, at *1 (Tex. App.—Beaumont May 27, 2015, no pet.) (mem. op., not designated for publication) (holding that defendant must object to indictment "*before* the date on which the trial on the merits commences" or else "complaint is waived and may not be raised on appeal").

Samuels relies on *Phillips v. State* to argue that a statute-of-limitations defense is a first-category *Marin* right that cannot be waived. 362 S.W.3d 606, 612–13 (Tex. Crim. App. 2011). In *Phillips*, the Court of Criminal Appeals held that the right to be free from an *ex post facto* law is a first-category *Marin* right. *Id.* at 611–12. In that case, the statute-of-limitations was extended by the Legislature after the defendant committed the alleged offense; the defendant's prosecution was barred before the extension was enacted but was no longer barred once the statute of limitations was extended. *Id.* at 612. Such an extension, however, could not allow the State to prosecute the defendant whose crime, at the time of the

4

extension's passage, was barred from prosecution by the old statute of limitations, without violating the defendant's right against an *ex post facto* law. *Id.* at 612–13. Thus, the Court held that a statute-of-limitations defense, raised in that context—a "pure law challeng[e] [to] an indictment that shows on its face that prosecution is absolutely barred by the statute of limitations"—is a category-one *Marin* right that cannot be waived. *Id.* at 617 (internal parenthesis omitted).

The *Phillips* distinction, however, was overruled by the Court of Criminal Appeals in *Heilman*. 456 S.W.3d at 168–69 ("[W]e will no longer unquestioningly distinguish between factual and pure-law limitations defenses. . . . [B]oth are *Marin* category-three forfeitable rights . . . ."). A statute of limitations, the Court noted, is a "mere legislative act of grace . . . ." *Id.* at 166. As a category-three forfeitable right, it could be waived. *Id.*

The *Heilman* Court used the example of plea bargaining to highlight the unworkability of the previous *Phillips* exception. Plea bargains often "contain a wide variety of stipulations and conditions that allow the state to tailor conditions in order to reach agreement with the defendant." *Id.* at 167. Allowing a defendant to object to a plea bargain on statute-of-limitations grounds would allow a defendant "to reap the benefits" of a plea deal that offers the defendant "a lighter" sentence for pleading guilty to a lesser, time-barred offense in exchange for the State dropping a different offense, with a higher sentence, that is not time-barred.

*Id.* The defendant could then appeal the plea "seek[ing] the judiciary's assistance in reneging" by attacking the "illegal, lighter sentence" to which he pleaded guilty and end up with no conviction after succeeding on his statute-of-limitations defense on appeal. *Id.* Noting that the "[c]ourts have long recognized the important role plea agreements play in our criminal-justice system," the Court reasoned that the best way to prevent this gamesmanship was to require the defendant to raise the statute-of-limitations defense before pleading guilty. *Id.* at 166.

This case falls squarely within the rule of *Heilman*. Samuels pleaded guilty and never raised the statute-of-limitations defense in the trial court. He expressly waived "all rights given to me by law, whether of form, substance or procedure" before pleading guilty. By pleading guilty, he forfeited his right to the statute-of-limitations defense.

The trial court, thus, did not err in its judgment.

## Conclusion

We affirm the judgment of the trial court.


Harvey Brown
Justice

Panel consists of Justices Radack, Massengale, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).

6