**MODIFY and AFFIRM; and Opinion Filed June 6, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00162-CR

### JASMINE JAMIEL SIMMONS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 3
Dallas County, Texas
Trial Court Cause No. F-1475553-J**

## MEMORANDUM OPINION
Before Justices Francis, Lang-Miers, and Myers
Opinion by Justice Lang-Miers

Jasmine Jamiel Simmons appeals his conviction for sexual assault. After appellant pleaded not guilty, a jury found appellant guilty and assessed punishment at thirty-eight years' confinement and a $2000 fine. In a single issue, appellant argues that this court lacks jurisdiction over this appeal because appellant's sentence was not orally pronounced in appellant's presence. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We modify the trial court's judgment and affirm as modified.

### BACKGROUND

Appellant's attorney filed a brief in support of her motion to withdraw in which she concludes the appeal is wholly frivolous and without merit under the standards of *Anders v. California*, 386 U.S. 738, 744 (1967). But in the brief, appellant's attorney states that "[i]t

appears that as a threshold matter, this Court lacks jurisdiction over this appeal because sentence was not orally pronounced in Appellant's presence." This Court concluded that the brief raises an arguable issue concerning the failure of the trial court to pronounce the sentence in appellant's presence, denied counsel's motion to withdraw, and ordered that this appeal proceed as a non-*Anders* case and that appellant's counsel remain as his counsel.[1] The State filed its brief in response, arguing that the trial court's oral pronouncement was clear in context.

## ORAL PRONOUNCEMENT

## Background

When the jury returned its punishment verdict, the following exchange occurred:

THE COURT: And were you-all able to reach a verdict?

PRESIDING JUROR: We were.

THE COURT: Can I have you-all stand?

     The verdict form reads as follows: We, the jury, having found the defendant, Jasmine Jamiel Simmons, guilty of the offense of Sexual Assault, as charged in the indictment, find that all of the allegations contained in Paragraph 2 of the indictment are true, and we assess the defendant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for 38 years and a fine of $2,000.

     Is that, in fact, your verdict?

PRESIDING JUROR: Yes, it is.

THE COURT: Is the State asking that the jury panel—that the jury be polled.

[PROSECUTOR]: No, your honor.

THE COURT: Is the Defense?

[DEFENSE COUNSEL]: No.

---

[1] After this Court issued its order that this case proceed as a non-*Anders* case, appellant filed a letter response. Because appellant is represented by counsel, we do not consider his pro se letter response. *See Rudd v. State*, 616 S.W.2d 623, 625 (Tex. Crim. App. [Panel Op.] 1981) (appellant not entitled to hybrid representation.).

THE COURT: Okay. You may be seated.

All right. That completes your service. You are released from any restrictions. You can talk to who you want to talk to. Don't talk to who you don't want to talk to. It's totally up to you. We appreciate your time. We appreciate your attention.

[Juror], I appreciate you being on time this morning.

A JUROR: Yes, ma'am.

THE COURT: So you-all are released. Thank you.

DEPUTY CRUMP: All rise.

(Open court, defendant present, no jury.)

THE COURT: Okay. [Defense counsel], before you walk out.

[DEFENSE COUNSEL]: Yes, ma'am.

THE COURT: You-all may be seated.

Is there any reason under the law why your client's—

[DEFENSE COUNSEL]: I'm sorry.

THE COURT: —judgment should not be assessed against your client at this time?

[DEFENSE COUNSEL]: No.

THE COURT: It is the order, judgment, and decree of this court that the defendant be taken by the sheriff of Dallas County and by her safely held until he can be turned over to the authorized receiving agent for the Texas Department of Criminal Justice Institutional Division.

The Court—[Defense counsel], make sure that his certification to his right to appeal and his notice of appeal are signed today before he leaves.

[DEFENSE COUNSEL]: That's what I'm doing now, Judge.

THE COURT: All right. Thank you.

**Applicable Law**

A defendant's sentence must be pronounced orally in the defendant's presence. TEX. CODE CRIM. PROC. ANN. art. 42.03 § 1(a) (West Supp. 2015); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). The judgment, including the assessed sentence, is "the written declaration and embodiment of that oral pronouncement." *Taylor*, 131 S.W.3d at 500; *see* TEX. CODE CRIM. PROC. ANN. art. 42.01 § 1 (West Supp. 2015). "When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls." *Taylor*, 131 S.W.3d at 500; *see Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). But where the oral pronouncement is ambiguous, "the jury's punishment verdict, the court's pronouncement, and the written judgment should be read together in an effort to resolve the ambiguity." *Aguilar v. State*, 202 S.W.3d 840, 843 (Tex. App.—Waco 2006, pet. ref'd). The context of the court's utterances should also be considered. *See Hill v. State*, 213 S.W.3d 533, 536–37 (Tex. App.—Texarkana 2007, no pet.) ("[T]he context of the oral pronouncement makes clear that all understood the pronouncement to be what was ultimately incorporated into the written order.").

**Arguments of the Parties**

Appellant argues that it appears "this Court lacks jurisdiction over this appeal because sentence was not orally pronounced in Appellant's presence" and that the proper remedy is abatement. Appellant contends the trial court's pronouncement "clearly does not constitute a 'sentence' as required by the Code of Criminal Procedure" and states that "no general reference was made to the jury's verdict, nor was any reference made to the number of years assessed by the jury." The State argues that, although the oral pronouncement was arguably ambiguous, when read in context, "it is clear that the oral pronouncement incorporated the verdict" and was sufficient to confer jurisdiction on this Court.

**Analysis**

Directly before the court pronounced "that the defendant be taken by the sheriff of Dallas County and by her safely held until he can be turned over to the authorized receiving agent for the Texas Department of Criminal Justice Institutional Division[,]" the court read the jury's verdict form aloud, in which the jury assessed appellant's punishment at thirty-eight years' imprisonment and a $2,000 fine, and confirmed with the presiding juror that the sentence that she read reflected the jury's verdict. The court then confirmed that neither the State nor the defense requested a poll of the jury, dismissed the jury, inquired whether there was any legal reason why appellant should not be sentenced, and then immediately stated that appellant would be taken by the sheriff to be safely held until he can be turned over to appropriate authorities. The written judgment is consistent with the jury's verdict concerning appellant's term of imprisonment.[2] The context of the oral pronouncement makes clear that all understood that pronouncement to be the verdict that the jury had just returned. *See Hill*, 213 S.W.3d at 536. We read the jury's verdict, the oral pronouncement, and the written judgment together to reflect appellant's sentence of thirty-eight years' imprisonment and a $2,000 fine. *See Aguilar*, 202 S.W.3d at 843.

We overrule appellant's sole issue.

**MODIFICATION OF JUDGMENT**

The judgment states that no fine was assessed against appellant. The record demonstrates, however, that the jury assessed a fine of $2,000. This Court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). We modify the judgment to reflect that appellant was assessed a fine of $2,000.

---

[2] As discussed below, we modify the written judgment to include the $2,000 fine.

## CONCLUSION

We resolve appellant's sole issue against him, modify the trial court's judgment, and affirm the judgment as modified.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)

150162F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JASMINE JAMIEL SIMMONS, Appellant

No. 05-15-00162-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3, Dallas County, Texas
Trial Court Cause No. F-1475553-J.
Opinion delivered by Justice Lang-Miers, Justices Francis and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to include a fine of $2000.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 6th day of June, 2016.