

# Fourth Court of Appeals
## San Antonio, Texas

September 15, 2017

No. 04-16-00671-CR

Luis Alfredo **SERVIN,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR5175
Honorable Sid L. Harle, Judge Presiding

# O R D E R

Appellant's court-appointed attorney filed a brief pursuant to *Anders v. California*, 368 U.S. 738 (1967), asserting there are no meritorious issues to raise on appeal, and informed the appellant of the right to file his own *pro se* brief. *Nichols v. State*, 954 S.W.2d 83, 85 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App. —San Antonio 1996, no pet.). The State waived its right to file an appellee's brief unless appellant files a *pro se* brief. Appellant previously requested and received a copy of the appellate record to use in preparing a pro se brief. *See Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014). Appellant has now filed a motion to supplement the record with omitted items and for access to State Exhibit No. 19, which is electronic media.

With respect to the omitted items, appellant requests that the following items be included in a supplemental clerk's record: (i) the jury panel list, (ii) the jury strike lists by the defendant, the State, and the court, (iii) the juror information forms, (iv) a pro se motion for exculpatory evidence, (v) a pro se motion for a *Jackson v. Denno* hearing, (v) a pro se motion to suppress his confession, (vi) motion for discovery, and (vii) motion in limine. Rule 34.5 of the Texas Rules of Appellate Procedure describes the mandatory contents of the clerk's record in a criminal case. TEX. R. APP. P. 34.5(a). None of the items requested by appellant are part of the mandatory contents. Pursuant to subsection (c) of Rule 34.5, if a "relevant item" has been omitted from the clerk's record, that omission may be cured through the preparation and filing of a supplemental clerk's record containing the item(s). TEX. R. APP. P. 34.5(c). Appellant has not stated how the jury panel list, strike list, and juror information forms are relevant to his appeal. Further, the record indicates that appellant was represented by counsel in the trial court. In Texas, appellants

do not have a right to hybrid or dual representation. *See Rudd v. State*, 616 S.W.2d 623, 625 (Tex. Crim. App. [Panel Op.] 1981) (criminal defendant has no right to represent himself pro se and be represented by an attorney at the same time). Therefore, any pro se motions filed by appellant while he was represented by counsel could not be considered by the trial court. Accordingly, appellant's request to supplement the clerk's record with the designated items is DENIED.

With respect to appellant's request for a copy of the DVD of his statement, which was admitted into evidence as State Exhibit No. 19, we agree that appellant is entitled under *Kelly v. State* to have access to the electronic audio and visual media containing his statement. *See Kelly v. State*, 436 S.W.3d 313, 321-22 (Tex. Crim. App. 2014). Appellant's request to view a copy of the DVD containing his statement is GRANTED. Accordingly, it is ORDERED that the clerk of this court make an electronic copy of State Exhibit No. 19 and forward it to appellant in the care of the warden of the prison unit in which appellant is currently incarcerated, along with a copy of this order. **It is further ORDERED that the warden of the prison unit where appellant is housed shall promptly provide appellant with supervised access to a computer or other equipment upon which he may personally view the DVD for purposes of preparing his pro se brief**. *See Kelly*, 436 S.W.3d at 321 n.24.

Finally, it is ORDERED that appellant's pro se brief is *due within thirty (30) days* from the date of this order.

_____
Rebeca C. Martinez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 15th day of September, 2017.

_____
KEITH E. HOTTLE,
Clerk of Court