

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00935-CR

Pete **GARCIA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR2709
Honorable Melisa C. Skinner, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
               Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed: January 30, 2019

DISMISSED

The trial court's certification in this appeal states that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; therefore, the trial court's certification accurately reflects that the underlying case is a plea-bargain case. *See* TEX. R. APP. P. 25.2(a)(2).

Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part

of the record under these rules." Tᴇx. R. Aᴘᴘ. P. 25.2(d). On December 18, 2019, we ordered that this appeal would be dismissed pursuant to rule 25.2(d) unless an amended trial court certification showing that the appellant has the right of appeal was made part of the appellate record by January 16, 2019. *See* Tᴇx. R. Aᴘᴘ. P. 25.2(d); 37.1; *see also Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005); *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.). No response was filed.[1] In the absence of an amended trial court certification showing that the appellant has the right of appeal, rule 25.2(d) requires this court to dismiss this appeal. Accordingly, the appeal is dismissed.

PER CURIAM

DO NOT PUBLISH

---

[1] Although Garcia filed a pro se letter entitled "Explanation and Grounds of Appeal on Negotiated Plea," Garcia is represented on appeal by appointed counsel. In Texas, appellants do not have a right to hybrid representation. *Rudd v. State,* 616 S.W.2d 623, 625 (Tex. Crim. App. 1981). Therefore, the letter "present[s] nothing for [this court's] review." *Id*.