**Opinion on Rehearing issued September 22, 2022**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00208-CR

## NO. 01-22-00209-CR

————————————

**JOSEPH T. ROBERTS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 253rd District Court**
**Chambers County, Texas**
**Trial Court Case Nos. 21DCR0095 and 21DCR0097**

---

### MEMORANDUM OPINION ON REHEARING

On March 4, 2022, appellant Joseph T. Roberts filed a document which he called a brief on direct appeal. Because there was no pending appeal in which to file this brief, the Court construed it to be a petition for writ of mandamus. But, after

learning that we had filed his brief as an original proceeding, Roberts filed a letter stating that he intended an appeal, not an original proceeding. Accordingly, the Court forwarded this document to the Chambers County District Clerk with instructions to file it as a notice of appeal and to assign the appeal to this Court.

Upon receipt of the letter of assignment, the Court opened two appeals, one for each of the two trial court causes 21DCR0095 and 21DCR0097.[1] On May 10, 2022, this Court issued an opinion dismissing the appeals because the record indicated that Roberts had been committed to a mental health facility after a determination under article 46B.005 that he was incompetent to stand trial. *See* TEX. CODE CRIM. PROC. art. 46B.005 of the Texas Code of Criminal Procedure. Because an appeal of this type of order is precluded by statute, the Court dismissed the appeal. *See* TEX. CODE CRIM. PROC. art. 46B.011.

Roberts then filed a document entitled "motion for rehearing" but the text of the document also mentions en banc review. Therefore, we construe this to be both a motion for rehearing and a motion for en banc reconsideration. In the motion, Roberts contends that we failed to address the issues raised in his brief. Although

---

[1] The appeal from trial court number 21DCR0095 is filed in our appeal number 01-22-00208-CR. The appeal from trial court number 21DCR0097 is filed in our appeal number 01-22-00209-CR.

the Court denies Roberts's motion for rehearing, we withdraw the opinion and judgments of May 10, 2022 and issue this opinion.[2]

Roberts initially complains that we dismissed his appeal without giving him the opportunity to file a brief. However, Roberts had filed a brief. If he had been permitted to file another brief, Roberts claims that he would have raised a number of issues, but the issues he mentions were raised in his prematurely-filed brief.

In his brief, Roberts raises challenges relating to his criminal case, including: (1) he has not agreed to the appointment of counsel and has not been allowed to hire counsel; (2) double jeopardy; (3) the 253rd district court lacks jurisdiction and venue over crimes alleged to have occurred in Harris County; (4) speedy trial violation; and (5) denial of bail. Roberts also raises issues relating to the competency order including: (1) he was examined unlawfully by two different doctors under duress; and (2) he was denied a competency trial.

Although Roberts contends that he did not want appointed counsel, the clerk's record indicates that the trial court appointed several attorneys to represent him, the last of whom was Bill Agnew, who was appointed on January 19, 2022. The clerk's

---

[2]     Because we issue a new opinion, the motion for en banc reconsideration is moot. *In re Wagner*, 560 S.W.3d 311, 312 (Tex. App.—Houston [1st Dist.] 2018, orig. proceeding) ("Because we issue a new opinion in connection with denial of rehearing, the motion for en banc reconsideration is rendered moot"); *see also In re Mendoza*, 467 S.W.3d 76, 77 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (dismissing as moot relator's motion for reconsideration en banc because panel withdrew original opinion and issued new opinion).

record contains no motion to substitute or notice of appearance by retained counsel, and no motion to withdraw by appointed counsel Agnew.

Thus, the record indicates that Roberts was represented by appointed counsel at the time he filed his pro se appeal and brief. "There is no right to hybrid representation." *See Rudd v. State*, 616 S.W.2d 623, 625 (Tex. Crim. App. 1981). Because Roberts is represented by appointed counsel, his pro se brief filed in this Court presents nothing for review. *See id.* Accordingly, we will not consider the issues raised in his brief.

Aside from the issues raised in his pro se brief, the record contains one order signed by the trial court—the order of commitment for restoration of competency, signed on February 17, 2022. And this interlocutory order is not appealable. By statute, an order of commitment for competency restoration is not appealable. TEX. CODE CRIM. PROC. art. 46B.011 ("Neither the state nor the defendant is entitled to make an interlocutory appeal relating to a determination or ruling under Article 46B.005."). Thus, Roberts is not entitled to an interlocutory appeal from either the trial court's order finding him incompetent to stand trial or ordering him temporarily committed to a mental health facility. *See Queen v. State*, 212 S.W.3d 619, 623 (Tex. App.—Austin 2006, no pet.) (stating that no interlocutory appeal from order of temporary commitment made after determination of incompetence permitted); *Annis v. State*, No. 01-19-00385-CR, 2019 WL 3819553, at *1 (Tex. App.—Houston

4

[1st Dist.] Aug. 15, 2019, no pet.) (mem. op.) (dismissing appeal based on statute prohibiting appeal from temporary commitment order finding defendant incompetent to stand trial).

However, in his motion for rehearing, Roberts argues that he was challenging other actions by the trial court, indicating that he was not challenging the commitment order. But a defendant in a criminal case may bring an appeal only when authorized by statute. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011). Roberts appears to contend that he is not appealing from either a final judgment or an interlocutory order for which an appeal is authorized by statute. *See id.*; TEX. CODE CRIM. PROC. art. 44.02 (addressing criminal defendant's appeals). Because Roberts is not challenging any order or judgment for which an appeal is statutorily authorized, we lack jurisdiction over this appeal. *See Abbott v. State*, 271 S.W.3d 694, 697 (Tex. Crim. App. 2008).

Because we do not consider Roberts's pro se brief and we lack jurisdiction to consider an appeal that is not expressly authorized by statute, we dismiss these appeals.

**PER CURIAM**

Panel consists of Justices Landau, Hightower, and Rivas-Molloy.

Do not publish. TEX. R. APP. P. 47.2(b).

5